Ralph McKEE, Plaintiff,

v.

Nathaniel ANDERSON, Clarence Schadweiller, Loren Larscheid, and Seldon Washburn, Defendants.

Civ. A. No. 16402–3.

United States District Court
W. D. Missouri, W. D.

June 8, 1967.

---

John G. Crichton, North Kansas City, Mo., for plaintiff.

Melvin L. Kodas, Kansas City, Mo., for defendants Anderson, Schadweiller and Washburn.

Braithwaite, Cadwell & Braithwaite, Sioux Falls, S. D., for defendant Larscheid.

## ORDER TRANSFERRING CAUSE UNDER SECTION 1404(a) OF TITLE 28, UNITED STATES CODE

BECKER, Chief Judge.

Plaintiff, a citizen of Missouri residing in the town of Parkville, Missouri, instituted this action against Nathaniel Anderson, Clarence Schadweiller, Loren Larscheid, and Seldon Washburn, who are all citizens of South Dakota, residing in different towns within that State. The complaint in three counts charges the defendants with false and fraudulent statements and representations in connection with (1) the sale of shares of stock of Washburn Enterprises, Inc., a South Dakota corporation, (2) plaintiff's advancement of money to the corporation for salaries and expenses, and (3) the employment of plaintiff by the corporation for which plaintiff was not paid.

The defendants were personally served in South Dakota. The defendants have entered special appearances and have filed motions "to quash summons and set aside service." The suggestions accompanying the motion on behalf of defendants Anderson, Schadweiller and Washburn state:

"* * * the purported service of process to establish jurisdiction was attempted by serving These Defendants personally within the state of South Dakota; and * * * These Defendants have not appointed any agent for service of process within the state of Missouri.

"Under these facts, there is no statute under which an effective service of process may be made on These Defendants. Therefore, the defendants * * respectfully request the Court to quash the summons and set aside service; suit against These Defendants be dismissed for lack of personal jurisdiction over them."

Plaintiff, in his suggestions in opposition to these motions, states:

"WHEREFORE, plaintiff prays that defendants' Motion to Quash be overruled, or in the alternative, transfer said action to the U. S. District Court in Sioux Falls, South Dakota, under the provisions of Section 1404-A, Title 28, U.S.Code." [1]

1. Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The reply of defendants Anderson, Schadweiller, and Washburn states:

"* * * Therefore, if this Court has the power to do so in spite of not having jurisdiction, these defendants would concede that plaintiff's request to have the action transferred under the provisions of 28 U.S.Code Section 1404(a), should be granted."

■ The facts as stated herein indicate that the provision governing service of process in this case is Rule 4(f), F.R. Civ.P. (as amended effective July 1, 1963), which in relevant part provides:

*"Territorial Limits of Effective Service.* All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held * * *."[2]

It is obvious that service of process in this case has not been secured in accordance with the applicable portion of Rule 4(f). Hence, this Court does not have personal jurisdiction over the defendants herein.

It is not contended that this Court lacks jurisdiction of the subject matter or that venue in this (the transferor) district is improper. The only question concerning propriety of a transfer under § 1404(a) is whether the lack of personal jurisdiction over the defendants prevents the Court from exercising the power to order such a transfer.

■ In 1 Moore's Federal Practice ¶ 0.145 [6.–2], p. 1791, it is said:

"* * * At times the plaintiff may not be able to obtain effective service of process on the defendant, he may seek a change of venue to a district where service can be obtained. If the transferor-district court has subject matter jurisdiction and the venue in the transferor-district is proper, failure of plaintiff to effect service in the transferor-district should not operate as a rigid bar to a transfer to a district where venue would be proper and service could be made on the defendant."

The following cited cases support this proposition: Internatio-Rotterdam, Inc. v. Thomsen (C.A. 4, 1955), 218 F.2d 514; Orzulak v. Federal Commerce and Navigation Co., Ltd. (E.D.Pa., 1958), 168 F. Supp. 15; Petroleum Financial Corp. v. Stone et al. (S.D.N.Y., 1953), 116 F. Supp. 426.[3]

The rule of these cases is founded on a salutary purpose and policy of "removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits" enunciated in Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466–467, 82 S.Ct. 913, 916, 8 L.Ed.2d 39, 42 (1962).

■■ From the limited record herein, it appears that the convenience of the parties and witnesses would be promoted by a transfer of this cause to the District of South Dakota. And because such a transfer would facilitate a decision on the merits of the parties' contentions, an order transferring this action would be in the interest of justice and for the convenience of parties and witnesses.

For the foregoing reasons and in the exercise of this Court's discretion, it is hereby

Ordered that this cause be transferred under Section 1404(a) of Title 28, United States Code, to the United States District Court for the District of South Dakota.

---

2. Since the parties have not shown that any statute or rule of Court of this state provides for service upon the defendants who are not inhabitants of or found in this state (a "long-arm" or "minimum-contact" statute), Rule 4(e) is not applicable.

3. A case cited in Moore, note 4, p. 1791, supra, as having a contrary holding is Wilson v. Kansas City Southern Ry. Co. (W.D.Mo., 1951), 101 F.Supp. 56. However, there was in that case a lack of both service of process (personal jurisdiction) and proper venue. The *Wilson* decision was rendered before, and is inconsistent with, the Supreme Court case of Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), which holds that a district court has the power to transfer under § 1406 (a), Title 28, U.S.C., under such circumstances.