**McCRORY CORPORATION and J. J. Newberry Co., Plaintiffs,**

v.

**CLOTH WORLD, INC., et al., Defendants.**

**No. 73 Civ. 4979 (MP).**

United States District Court,
S. D. New York.

June 24, 1974.

———◆———

Rubin Wachtel Baum & Levin, New York City, for plaintiffs, by Martin A. Coleman, and Jeffrey R. Mann, New York City.

White & Case, New York City, for defendants, by Thomas McGanney, New York City, Veryl L. Riddle, Robert F. Scoular, St. Louis, Mo.

## OPINION

POLLACK, District Judge.

Defendants, Cloth World, Inc. and John Nelson (chairman of the board of Cloth World) seek dismissal of the amended complaint on the grounds that this Court lacks *in personam* jurisdiction over these defendants, Fed.R.Civ.P. 12(b)(2), and that venue in this District is improper, Rule 12(b)(3). The third defendant in this case, Lee Jinkins, President of Cloth World, has not yet been summoned herein.

The facts pertaining to these motions are relatively straightforward.[1] Plaintiffs are two national retail chains, selling general merchandise including fabrics and notions. They claim to have schooled and developed at substantial cost a highly-skilled and efficient managerial staff in approximately 1,069 variety stores in the chain located in 46 states and the District of Columbia and in approximately 56 department stores in the chain located in 20 states. It is alleged that each of the store managers, assistant store managers and field supervisory and management personnel are, and at all times relevant have been, parties to valid written employment agreements with plaintiffs.

The corporate defendant, Cloth World, is engaged nationally in the retail sale of fabrics and notions through a chain of approximately 123 stores in approximately 19 states, owned and operated through subsidiaries. These stores are managed by store managers, a home office, field supervisory and other management personnel.

The individuals named as defendants were formerly connected with plaintiffs in key positions.

Plaintiffs allege that since 1968, at least 94 store managers and other management personnel terminated their written employment agreements with them and became employees of Cloth World; that at least five had been employed by one or the other of the plaintiffs in New York State. Plaintiffs assert that its managerial employees were recruited for the corporate defendant, directly or indirectly through the individual defendants.

The amended complaint charges that defendants' acts resulting in wholesale defections of plaintiffs' staff, were in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1 and Section 4 of the Clayton Act, 15 U.S.C. § 15, and constituted tortious intentional interference

---

1. This decision expresses no opinion on the merits of the claims.

with advantageous fiduciary and contractual arrangements between plaintiffs and their former employees. The plaintiffs seek actual damages, treble damages, punitive damages, equitable relief, attorneys' fees and costs.

Jurisdiction herein is predicated on the federal Acts mentioned and upon diversity of citizenship of the parties, 28 U.S.C. § 1332.

Plaintiffs are Delaware corporations and maintain their principal places of business in New York City. Cloth World is a Missouri corporation with its principal place of business in St. Louis County, Missouri. Defendant John E. Nelson is a Florida resident. Defendant Lee S. Jinkins is a Texas resident.

The summons and amended complaint were personally served upon Cloth World and defendant Nelson in the State of Florida in reliance on 15 U.S.C. § 22 and Section 302(a) of the New York Civil Practice Law and Rules ("CPLR").

A course of limited discovery has been had addressed to the issues of jurisdiction and venue. This revealed that between May 1971 and February 1974, significant quantities of merchandise sold by Cloth World stores was acquired from vendors located in New York. Purchases from these resources are said to have involved at least 867 transactions priced at about $286,800.

15 U.S.C. § 22 provides as follows:

Any suit, action, or proceeding under the anti-trust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or *transacts business*; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found. (Emphasis supplied)

The test to be applied is whether or not the defendant corporation "transacts business" of a substantial character in New York. United States v. Burlington Industries, Inc., 247 F.Supp. 185, 187 (S.D.N.Y.1965).

The law is clear that substantial purchasing activity can be the basis of a determination that a corporation "transacts business" in a District, even if those purchases were not related to the claim for relief. Fashion Two Twenty, Inc. v. Steinberg, 339 F.Supp. 836 (E.D.N.Y.1971); Crusader Marine Corp. v. Chrysler Corp., 281 F.Supp. 802 (E.D. Mich.1968); Stern Fish, Inc. v. Century Seafoods, Inc., 254 F.Supp. 151 (E.D. Pa.1966); United States v. Burlington Industries, *supra*.[2] Here, the corporate defendant characterizes itself as "a comparatively miniscule corporation". If this be fact, purchases of more than a quarter of a million dollars over a three-year period would seem on their face to be "substantial" for jurisdictional purposes.

Even if such purchases were not deemed sufficient for purposes of 15 U.S.C. § 22, plaintiffs contend that defendants' conduct constituted a tort committed in New York or, in the alternative, committed outside New York causing injury to plaintiffs within the state. The relevant provisions of New York's "long-arm" statute are as follows:

"(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary, or his executor or administrator, who in person or through an agent: . . .

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act within the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

2. Such purchases also satisfy the "transacts business" test of New York's long-arm statute. Fashion Two Twenty, Inc. v. Steinberg, *supra*. N.Y. CPLR § 302(a)(1).

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; . . . ."

While plaintiffs concede for purposes of this motion that any "conspiracy" among the defendants to lure away plaintiffs' employees may have been formed outside New York, they argue that commission of the tort itself occurred in New York. It appears undisputed that the defendants made certain phone calls to various of the employees in New York. In a similar posture the landmark case of Parke-Bernet Galleries, Inc. v. Franklyn, 26 N.Y.2d 13, 308 N.Y.S.2d 337, 256 N.E.2d 506 (1970) held that a non-resident's telephone calls into New York (in *Parke-Bernet* an auction bid) could constitute activity within New York.[3]

In this case the issue to be resolved would not turn on whether a significant distinction exists between the facts of *Parke-Bernet* and this case in respect of the test of transacting business, for the terms of § 302(a)(3)(ii) of the New York "long-arm" statute, appear to be applicable to sustain jurisdiction *in personam*. Here, on the basis of the present submission, injury to plaintiffs occurred in New York. *Compare* American Eutectic Welding Alloys Sales Co., Inc. v. Dytron Alloys Corp., 439 F.2d 428 (2d Cir. 1971). Defendants certainly expected or should have expected their alleged acts to have consequences in New York. And, it is uncontested that Cloth World derives substantial revenue from interstate commerce. Thus, each of the terms of N.Y. CPLR § 302(a)(3)(ii) is clearly met.

 Venue is likewise proper in this District. The "transaction of business" in New York, referred to *supra*, would support venue pursuant to 15 U.S.C. § 22. In any event, the general venue statute—28 U.S.C. § 1391(b)—would support the venue herein, since, as noted a claim for relief based on alleged tortious interference "arose" in New York.

Accordingly, the motions of the defendants to dismiss this suit are in all respects, denied.

So ordered.

---

3. In *Parke-Bernet* the telephone call was the basis of a finding that defendant "transacted business" in New York—a claim not made by plaintiffs herein vis-a-vis the telephone calls.