**FAIRBANKS MORSE PUMP CORPORATION, Appellant,**

v.

**ABBA PARTS, INC., Appellee.**

No. 88–1760.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 15, 1988.
Decided Dec. 16, 1988.

Robert E. Marsh, Kansas City, Mo., for appellant.

H. Reed Walker, Kansas City, Mo., for appellee.

Before FAGG and WOLLMAN, Circuit Judges, and WOODS,* District Judge.

HENRY WOODS, District Judge.

Appellant Fairbanks Morse Pump Corporation (hereinafter "Fairbanks") is a Kansas corporation with its principal place of business in Kansas City, Kansas. Fairbanks manufactures and distributes pumps and replacement parts. Appellee ABBA Parts, Inc. (hereinafter "ABBA") is a Canadian corporation with its principal places of business in Ontario, Canada and Buffalo, New York. ABBA makes replacement parts which are compatible with Fairbanks pumps. Fairbanks' complaint is based on Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and the common law tort of unfair competition. Specifically Fairbanks claims that through advertising brochures ABBA is falsely representing that its replacement parts "are meticulously checked against the original specifications and technical drawings." The latter are trade secrets not lawfully accessible to ABBA. ABBA filed a motion under Fed.R.Civ.P. 12(b)(2) arguing that *in personam* jurisdiction was not present. The motion was granted by the district judge. He may have been correct, but we cannot say that with certainty on the basis of the present record. Hence, we remand in order that certain facts may be elicited by discovery or other menas with regard to the nexus between Fairbanks' cause of action and the transaction of business in Missouri by ABBA.

Jurisdiction under the Missouri Long–Arm Act[1] involves a two-part analy-

---

* THE HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. Mo.Rev.Stat. § 506.500 provides in relevant part that: "Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this

sis. First, does the activity of the defendant fall within the ambit of the state statute and, second, does the assertion of jurisdiction violate federal due process? The first part of this analysis is governed by state law and the second by federal law. *Iowa Electric Light & Power Co. v. Atlas Corp.,* 603 F.2d 1301, 1303 (8th Cir.1979), *cert. denied,* 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980). The activity on which jurisdiction is based consists of the following: [1] the location of a distributor (Hydro–Flo Systems, Inc., a Missouri corporation) within the State of Missouri; (2) a sale through this distributor of eight pipe sleeves at a cost of $340.00; and (3) maintenance of a display booth at a Water Pollution Control federation show in Kansas City, Missouri, October 7–11, 1985, where brochures and advertising materials were distributed.

We have no hesitancy in holding that these activities constituted the "transaction of business" under the provisions of the Missouri Long–Arm Act noted *supra.* [2] The Missouri courts have applied great liberality in interpreting this phrase. The Missouri cases and those in this court are reviewed in *Precision Construction Co. v. J.A. Slattery Co.,* 765 F.2d 114 (8th Cir. 1985). As noted in that case, the recent Missouri Supreme Court holding in *State, ex rel. Metal Service Center of Georgia, Inc. v. Gaertner,* 677 S.W.2d 325 (Mo. banc 1984) is particularly significant. The statutory language was intended "to provide for jurisdiction within the specific categories enumerated in the statutes, to the full extent permitted by the due process clause of the Fourteenth Amendment." *Id.* at 327.

We also believe that the activities of ABBA satisfy the test of minimum contacts for federal due process purposes. With regard thereto, this court has in the past recognized that due process is more easily established over a nonresident seller shipping goods into the forum state in con-

trast to a nonresident buyer. *See* the discussion of this distinction in *Electro–Craft Corp. v. Maxwell Electronics Corp.,* 417 F.2d 365, 368 (8th Cir.1969):

> The defendant purposely availed itself of the privilege of doing business with a Minnesota resident. *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). It entered into a transaction having an impact on the commerce of that state. By so doing it involved the benefit and protection of Minnesota laws and could reasonably have anticipated that its act would have consequence in Minnesota.

*Id.* at 368–69.

In a case decided this year, this court followed *Precision Construction Co. v. J.A. Slattery Co., supra,* both as to construction of the Missouri statute and the federal due process issue. *Watlow Elec. Mfg. Co. v. Patch Rubber Co.,* 838 F.2d 999 (8th Cir.1988). The court succinctly stated the due process rule in *Watlow.* "The test of course is whether [defendant] 'purposefully established "minimum contacts" in the forum state,' such that the 'assertion of personal jurisdiction would comport with "fair play and substantial justice."' *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 2183, 2184, 85 L.Ed.2d 528, 542, 543 (1985)...." *Watlow,* 838 F.2d at 1002.

The record, however, leaves one important issue unresolved. Did the cause of action alleged by appellants arise "from the doing of any of such acts" as required by Section (1) of the Missouri Long–Arm Act, Mo.Rev.Stat. § 506.500? There is no proof in this record of such a nexus. It is not established that the misrepresentations alleged were made in connection with the establishment of its single distributorship. Nor was any proof adduced that the misrepresentations were made orally or through written materials distributed at

state as to any cause of action arising from the doing of any of such acts:

> (1) The transaction of any business within this state."

**2.** Fairbanks claims that ABBA also committed a tortious act within the state under the statute. Mo.Rev.Stat. § 506.500(1)(3). It is not necessary to reach this issue since jurisdiction may properly be found under § 506.500(1)(1), "transaction of any business within the state."

the trade show attended by ABBA's representatives. In fairness, we believe that Fairbanks should be permitted to explore the existence of that connection which the statute demands. Consequently, the cause is remanded to the district court for a determination of this single issue, i.e. the connection between the alleged Lanham Act and common law violation and ABBA's activities in the State of Missouri. Both parties should be permitted to conduct full discovery on this single issue. Based on the proof adduced by discovery or other means, the district court shall determine whether Section (1) of the Missouri–Long Arm Act has been satisfied. The case is remanded for this purpose only.

REMANDED.