EMPIRE GAS
CORPORATION, Plaintiff,

v.

TRUE VALUE GAS OF FLORIDA,
INC., Paul B. Fallon, Garlan S.
Williams and Carl S. Stenger, Defendants.

No. 88–1129–CV–W–JWO.

United States District Court,
W.D. Missouri, W.D.

Jan. 11, 1989.

David E. Larson, Morris & Larson, P.C., Kansas City, Mo., for plaintiff.

Jennifer A. Putman, Arlyn D. Haxton, Dietrich, Davis, Dicus Rowlands, Schmitt & Gorman, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDERS

JOHN W. OLIVER, Senior District Judge.

### I

Plaintiff has filed a formal request that this Court transfer this case on its own motion to the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1404(a). *See* paragraph 2 of plaintiff's portion of the Joint Report filed in response to this Court's December 9, 1988 order.[1] Defendants, on the other hand, contend that "it is premature to consider transfer of this case as to any of the defendants herein until this Court has ruled on the Motions to Dismiss now pending."[2] Defts' portion of Joint Report at ¶ 2. Defendants state that they "object to a transfer of this case to Florida since this Court

is without jurisdiction over them and, as to defendants Stenger and Fallon, residents of Maryland, claims against them could not have been brought in Florida." Defts' portion of Joint Report at ¶ 5.

We find and conclude that plaintiff's request for a Section 1404(a) transfer should be granted and that defendants' objections to such a transfer are not tenable.

### II

■ We are satisfied that this Court may properly consider plaintiff's request that this case be transferred on its own motion and that there is no need to require plaintiff to file a formal Section 1404(a) motion under the circumstances. For it is well established that a "transfer may be made upon motion by either party or by the court *sua sponte.*" *Mobil Corp. v. S.E.C.*, 550 F.Supp. 67, 69 (S.D.N.Y.1982), *citing I-T-E Circuit Breaker Co. v. Becker*, 343 F.2d 361 (8th Cir.1965).[3]

Defendants having been given adequate notice at the conference and having been afforded a sufficient opportunity to be heard, the transfer will accordingly be ordered pursuant to plaintiff's request and on this Court's own motion.

### III

■ Defendants' contention that this Court may not properly order a Section 1404(a) transfer for the reason it has not, and may not properly acquire personal jurisdiction over the defendants is without merit. In *McKee v. Anderson*, 272 F.Supp. 684, 686 (W.D.Mo.1967), then Chief Judge Becker of this Court, concluded that under the factual circumstances of that case "this Court does not have personal jurisdiction over the defendants herein."

Defendants' Section 1404(a) motion to transfer, however, was granted in that case

---

1. In paragraph 3 of its portion of the Joint Report plaintiff indicated its willingness to file a formal Section 1404(a) motion.

2. Defendants argue that "[u]ntil it is found that this Court has jurisdiction over the defendants, or any of them, which all defendants deny, the threshold test has not been met and this Court would not have the necessary foundation of

jurisdiction to make such a transfer." Defts' portion of Joint Report at ¶ 2.

3. Judge Duffy concluded in *Mobil Corp.* that his "September 13, 1982 letter to all parties and the written responses constitute sufficient notice and opportunity to be heard." *Id.*

for the reason that "the lack of personal jurisdiction over the defendants [did not prevent] the Court from exercising the power to order such a transfer" pursuant to Section 1404(a).[4] *Id.* We therefore find and conclude that the fact that this Court may not have acquired personal jurisdiction over the defendants does not deprive it of the power to order a Section 1404(a) transfer to the Middle District of Florida.

## IV

■ In an apparent reference to the general venue statute, defendants contend that plaintiff's claims against the defendants "could not have been brought in Florida." *See* the last sentence of defendants' portion of the Joint Report. We disagree.

Plaintiff's complaint invoked the diversity jurisdiction of this Court. Venue was proper in this district under 28 U.S.C. § 1391(a) for the reason that plaintiff could be said to reside in this district. Section 1391(a), which is the general venue statute, also provides, however, that a "civil action wherein jurisdiction is founded only on diversity of citizenship may ... be brought only in the judicial district ... *in which the claim arose.*" (Emphasis added).

The papers filed in connection with the motion to dismiss filed by defendants Stenger and True Value Gas of Florida, Inc., establish that it must be said that plaintiff's "claim arose" in the Middle District of Florida within the meaning of Section 1391(a).[5]

Defendants Stenger and True Value's suggestions in support of their motion to dismiss accurately stated that:

Plaintiff's complaint is in four counts. Count I purports to state a claim against defendant Carl Stenger for tortious inter-

ference with contract. Counts II and III purport to state claims for breach of contract against defendants Paul Fallon and Garlan Williams, respectively. Count IV seeks injunctive relief against defendants True Value Gas of Florida, Inc., Paul Fallon and Garlan Williams. Plaintiff's claims purport to arise out of two Employment Contracts wherein plaintiff claims it obtained defendants Paul Fallon and Garlan Williams agreement not to compete in the thirty-five states where Empire Gas Corporation does business, not to solicit Empire Gas Corporation's customers and not to solicit Empire Gas Corporation's employees.

Defts Stenger and True Value's Sugg. in Support at 1–2.

Plaintiff's suggestions in opposition to that motion to dismiss stated that:

Williams, a resident of Florida, and Fallon, a resident of Maryland, had negotiated and signed employment contracts with Empire in Missouri. These employment contracts contained covenants not to compete ... In or around June of 1988, Williams and Fallon began talking about forming a new company to sell liquefied petroleum gas in Florida. Williams began soliciting employees of Empire subsidiaries. Williams left the employ of Empire on October 10, 1988. Fallon left the employ of Empire on October 1, 1988. Fallon and Williams then teamed up with Stenger to form True Value, which was incorporated in the same month. True Value then began soliciting customers of Empire subsidiaries. Williams and Fallon, as principals of True Value, violated the covenants not to compete included in their contracts with Empire by setting up a rival liquefied petroleum gas company in Hudson, Florida and soliciting employ-

**4.** *McKee v. Anderson* was cited with approval in 15 Wright, Miller & Cooper, *Federal Practice and Procedure,* § 3844 at 333 n. 12 ("a court that has subject matter jurisdiction and that is a proper venue may transfer under § 1404(a) even though it lacks jurisdiction of the person of the defendant" and in 1 *Moore's Federal Practice,* ¶ 0.145 [6.–2] at 1641–42 ("If the transferor-district court has subject matter jurisdiction and

the venue of the transferor district is proper, failure of plaintiff to effect service in the transferor-district is not a bar to a transfer to a district where venue would be proper and service could be made on the defendant.")

**5.** Similar statements are made in the papers filed in connection with the motion to dismiss filed by defendants Williams and Fallon.

ees and customers of Empire.[6]
Plt's Sugg. in Oppos. at 2.

It is thus clear that plaintiff's claim that defendants Williams and Fallon violated the covenants not to compete in their contracts and its claim that defendants True Value and Stenger tortiously interfered with plaintiff's contracts with Williams and Fallon are based on factual circumstances that allegedly occurred in the Middle District of Florida.

The circumstances under which Section 1391 was amended in 1966 to provide that the district "in which the claim arose" as a permissible venue in addition to venue based on residence of the parties is stated in detail in 15 Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3806 at 41–72, and in 1 *Moore's Federal Practice*, ¶ 0.142 [5.–2] at 1423–36. *See also* Judge Collinson's excellent discussion of the 1966 amendment of Section 1391 and of *Leroy v. Great Western United Corp.*, 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979), in *Pfeiffer v. Intern. Acad. of Biomagnetic Medicine*, 521 F.Supp. 1331, 1336–44 (W.D.Mo.1981).

It is sufficient for purposes of this case to note that in regard to the breach of contract counts in plaintiff's complaint the Eighth Circuit has definitively held that "the federal statute, § 1391(a) as amended, ... is intended to expand the venue statute by placing venue, in addition to the residency of the parties, at the place where the cause of action arose, which can be construed in this case as the place where performance [of the contract] was to have taken place." *Gardner Engineering Corp. v. Page Engineering Co.*, 484 F.2d 27, 33 (8th Cir.1973). *See also In re Nine Mile Ltd*, 692 F.2d 56 (8th Cir.1982).

*McCrory Corp. v. Cloth World, Inc.*, 378 F.Supp. 322 (S.D.N.Y.1974), involved factual circumstances not dissimilar to those alleged in plaintiff's complaint in this case in regard to its tortious interference count.

In *Cloth World* the plaintiff alleged that its managerial employees were recruited for employment by the corporate defendant, directly or indirectly, and by the individual defendants in violation of their written employment agreements with the plaintiff. Venue in the Southern District of New York was present both under the special venue provisions of the antitrust laws and also under the general venue statute. Judge Pollack held that "the general venue statute—28 U.S.C. § 1391(b)—would support the venue herein, since as noted a claim for relief based on alleged tortious interference 'arose' in New York." 378 F.Supp. at 325.

Although the question of plaintiff's ability to obtain personal service on all the defendants in the Middle District of Florida is not directly presented for determination by this Court, it is to be noted that Florida has a typical Long–Arm Statute, Fla.Stat. Ann. § 48.193, under which a plaintiff may obtain personal service on persons who allegedly commit tortious acts within that state and on persons who allegedly breach a contract to be performed in that state.

For the reasons stated, we conclude the Middle District of Florida is a district in which plaintiff's "claim arose" within the meaning of 28 U.S.C. § 1391(a) and that venue is proper in that district.

## V

■ Section 1404(a) of Title 28, U.S.C., provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Plaintiff's action "might have been brought" in the Middle District of Florida for essentially the same reasons that we have concluded that venue is proper in that district. We find that any trial of plaintiff's complaint could be more conveniently tried in the Middle District of Florida than in this district. For many of the witnesses who would be called

---

6. Hudson, Pasco County, Florida, designated as True Value's principal place of business, is located in the Middle District of Florida. *See* 28 U.S.C. § 89. The affidavit filed by plaintiff in support of its application for a temporary restraining order states that plaintiff's two largest customers that requested termination in order to have True Value as their suppliers were located in Port Richey, Florida, also located in the Middle District of Florida.

to testify at trial would obviously be located in Florida rather than in Missouri. We therefore conclude that the interest of justice requires that this case be transferred for the convenience of the parties and witnesses.

Professor Moore discusses transfer on plaintiff's motion in ¶ 0.145 [6.–2] of his work on *Federal Practice*. He there pointed out that the "language of § 1404(a) does not preclude a plaintiff from moving for a transfer to another district." He also noted that in a particular case a "plaintiff may not be able to obtain effective service of process on the defendant" and that the plaintiff might under such a circumstance "seek a change of venue to a district where service can be obtained."

The transfer to the Middle District of Florida will obviously moot the defendants' motions to dismiss filed in this Court. For plaintiff may, after transfer, seek to obtain personal service in the transferee district in accordance with applicable law. The transferee court may also consider practical procedures under which the procedures in the pending state court case may be coordinated with the procedures to be directed in this case after its transfer to the Middle District of Florida. The factors stated in this paragraph provide further support for a Section 1404(a) transfer in the interest of justice.

### VI

For the reasons stated, it is

ORDERED (1) that this case should be and the same is hereby transferred to the Middle District of Florida for the convenience of the parties and their witnesses and in the interest of justice on plaintiff's request and on this Court's own motion pursuant to 28 U.S.C. § 1404(a). It is further

ORDERED (2) that this case should be and is hereby transferred in its present procedural posture in order that all pending motions may be considered in the transferee district and in order that the transferee court may direct any and all further proceedings which it decides are appropriate under the circumstances.