**Kirk D. NAEGLER, Plaintiff,**

v.

**NISSAN MOTOR CO., LTD.,
et al., Defendants.**

No. 92–1127–CV–W–3.

United States District Court,
W.D. Missouri, W.D.

Oct. 20, 1993.

**MEMORANDUM OPINION
AND ORDER**

ELMO B. HUNTER, Senior District Judge.

This action is brought by plaintiff Kirk D. Naegler against defendants Nissan Motor Company, Ltd. (Nissan Japan), Nissan Motor Corporation in U.S.A. (Nissan America) and Teddy Rowe. Plaintiff is seeking damages for injuries he alleges he received as a result of a vehicular accident that occurred while he was a passenger in a 1988 four-door Stanza Nissan owned and driven by defendant Teddy Rowe. The action sounds in negligence and products liability. Each defendant has moved for dismissal of the action on grounds that this Court lacks in personam jurisdiction. The relevant jurisdictional facts follow.

Plaintiff Kirk Naegler is a natural person over eighteen (18) years of age who presently resides in Johnson County, Missouri. Nissan Japan is a Japanese Corporation with its principal place of business in Japan. It is not licensed or registered to do business in Missouri and does not have a registered agent in Missouri. Nissan America is a California Corporation with its principal place of business in California. Nissan America is not licensed or registered to do business in Missouri and does not have a registered agent in Missouri. Defendant Teddy Rowe is a natural person residing in Radcliff, Kentucky.

The vehicular accident giving rise to this action allegedly occurred on December 7, 1989, when a 1988 four-door Stanza Nissan owned and driven by defendant Teddy Rowe collided with another vehicle on Staatsstrasse 2307, in Feldkahl, Germany. The vehicle in question was manufactured by Nissan Japan at its plant in Kanagawa, Japan. The vehicle was sold to Nissan Motor Deutschland GmbH (not a party in this suit) and shipped from Japan to Bremerhaven, Germany. Ultimately the vehicle was sold to defendant Rowe by Military Car Sales of Aschaffenburg, Germany.[1]

Timothy H. Bosler, Kansas City, MO, for plaintiff.

John P. Poland, Randall R. Rhodes, Thomas O. Baker, Baker, Sterchi & Cowden; and Michael E. Waldeck, and Julie J. Gibson, Niewald, Waldeck & Brown, P.C., Kansas City, MO, for defendants.

---

1. The other two vehicles involved in the accident were driven by Goetz Roemmert and Al Steinmuller. From the record it appears that Roemmert is a resident of Kumbach, Germany and Steinmuller is a resident of Westerngrund, Germany. The police officer who responded to the accident was Klaus Scmitt of the Aschaffenburg Land Polizie.

## I.

The testing of personal jurisdiction, in this case, requires the Court to make a two-step inquiry: first, the Court must consider whether the Missouri long-arm statute authorizes service and jurisdiction; and, if so, such assertion of personal jurisdiction must comport with constitutional notions of due process and fair play. *Fairbanks Morse Pump Corp. v. ABBA Parts, Inc.*, 862 F.2d 717, 718–19 (8th Cir.1988). The first prong of this analysis is controlled by state law, the second by federal law. *Id.*

The Missouri long-arm statute provides that non-residents are subject to service of process if they, among other things, commit a tortious act within the state, MO.ANN. STAT. § 506.500.1 (Vernon Supp.1993), provided that the cause of action arises from such tortious act, MO.ANN.STAT. § 506.-500.3 (Vernon Supp.1993).[2] *See also United Missouri Bank of Kansas City, N.A. v. Bank of New York*, 723 F.Supp. 408, 410 (W.D.Mo. 1989); *Cunningham v. Subaru of America, Inc.*, 620 F.Supp. 646, 646–47 (W.D.Mo.1985). Here, plaintiff bears the burden of establishing that personal jurisdiction exists. *See generally United Missouri Bank*, 723 F.Supp. at 410. Accordingly, to meet the requirements of Missouri's long-arm statute plaintiff's causes sounding in negligence and products liability must have a sufficient nexus to the tortious actions committed by the defendants within the state of Missouri.

### A. DEFENDANT ROWE

■ Plaintiff alleges that defendant Rowe's negligent operation of the motor vehicle in question here contributed to or resulted in serious internal and spinal injuries for which the plaintiff is seeking damages. Plaintiff alleges that defendant Rowe was negligent in driving while he was impaired by alcohol; that he was driving in violation of certain provisions of the Uniform Code of Military Justice; that he was driving at an excessively high rate of speed; that he failed to keep his vehicle under control; and that he was following another vehicle too closely. As a result, defendant Rowe lost control of his vehicle, crossed into the oncoming lane, and collided head on with another vehicle. All of the above-described conduct took place while defendant Rowe was driving his car in Feldkahl, Germany.

Plaintiff has failed to allege the commission of any tortious act or acts by defendant Rowe within the state of Missouri. Accordingly, plaintiff has failed to meet his burden under the first prong of the Court's jurisdictional analysis as it relates to defendant Rowe. Having failed the first prong, the Court need not proceed to the second step of the analysis.

### B. DEFENDANT NISSAN JAPAN

Plaintiff was a passenger in the rear seat of defendant Rowe's vehicle at the time it was involved in the above-described accident. Plaintiff pleads that the absence of rear upper torso restraints caused or contributed to the injuries he sustained in the accident. He contends that defendant Nissan of Japan was negligent in failing to properly design and test appropriate rear seat restraints. He further contends that, as a result, the vehicle

---

**2.** The long-arm statute provides, in pertinent part:

 1. Any person or firm, whether or not a citizen or resident of this state, or any corporation ... [that] does any of the acts enumerated in this section, thereby submits ... the jurisdiction of the courts of this state as to any action arising from the doing of any such acts:

 (1) The transaction of any business within this state;

 (2) The making of any contract within this state;

 (3) The *commission of a tortious act within this state;*

 (4) The ownership, use, or possession of any real estate situated in this state;

 (5) The contracting to insure any person, property or risk located in this state at the time of contracting;

 (6) Engaging in an act of sexual intercourse within this state at on or near the probable period of conception of that child.

 \* \* \* \* \* \*

 3. *Only causes of action arising from acts enumerated in this section may be asserted* against a defendant in an action in which jurisdiction over him is based upon this section.

MO.ANN.STAT. § 506.500 (Vernon Supp.1993) (emphasis added).

was defective when it entered the stream of commerce.

It is important to note that none of the above-described acts occurred in Missouri. Indeed, from the pleadings it appears clear that the vehicle in question did not enter or move in the stream of commerce in Missouri, nor did the accident in question occur in Missouri. It appears the vehicle was manufactured in Japan, and subsequently sold and shipped to a German corporation. Eventually it wound up in the hands of Military Car Sales of Aschaffenburg, Germany, which sold it to defendant Rowe. As noted above, the accident in question also happened in Germany.

Again, plaintiff has failed to allege the commission of any tortious act or acts by defendant Nissan Japan within the state of Missouri. Even if the Court assumes, although it is not clear from the pleadings, that defendant Nissan Japan has established sufficient contacts with Missouri through the operation of its enterprise unrelated to the manufacture, design or sale of the vehicle in question, personal jurisdiction would not obtain in this case. The Missouri long-arm statute requires that the · instant cause of action arise from the act or acts supplying the basis of the lawsuit. *See Cunningham,* 620 F.Supp. at 646–47. "In short, plaintiff has demonstrated no factual connection between the litigation and the forum sufficient to sustain longarm jurisdiction over defendant" Nissan Japan. *Id.* at 648. Accordingly, plaintiff has failed to meet his burden under the first prong of the Court's jurisdictional analysis as it relates to defendant Nissan Japan.

## C. DEFENDANT NISSAN AMERICA

From the pleadings, it appears that Nissan America was not involved in any manner with the design, manufacture, distribution or sale of the vehicle in question. In fact, at this point, there appears no credible allegation that Nissan America committed any tortious act in Missouri. Accordingly, plaintiff has again failed to meet his burden under the first prong of the Court's jurisdictional analysis as it relates to defendant Nissan America.

## II.

Plaintiff strongly urges that the fact that a Missouri resident was injured, albeit in an accident that occurred in Germany, amounts to the "commission of a tortious act within [the forum] state" per the Missouri long-arm statute. MO.ANN.STAT. § 506.500.1(3) (Vernon Supp.1993). To be sure the Missouri courts have held that the "[c]ommission of a tortious act within this state includes extraterritorial acts of negligence producing actionable consequences in Missouri." *See e.g. State ex rel. Ranni Assocs. v. Hartenbach,* 742 S.W.2d 134, 139 (Mo. banc 1987) (citations omitted).

Notwithstanding the general language used by the courts, this rule is not without limitation. Plaintiff urges that the fact that the economic consequences of the accident accrued against a Missouri resident amounts to an extraterritorial act producing actionable consequences within the forum state. The Court disagrees. The mere fact that a Missouri resident may feel the economic or financial loss as a result of out-of-state activities is not, by itself, enough to meet the requirements of Missouri's long-arm statute. *See generally id.* at 138 (because someone in Missouri could conceivably suffer a loss as a result of defendants out-of-state activities does not, standing alone, make defendants amenable to the courts of this state); *see also State ex rel. Pain Anesthesia & Critical Care Servs., P.A. v. Ryan,* 728 S.W.2d 598, 604 (Mo.App.1987) (court rejected argument that, in a case involving a surgical procedure that took place in Kansas, a non-resident defendant who negligently treated and caused a permanent injury to a Missouri resident "caused an effect" in Missouri sufficient to implicate Missouri's long-arm statute).

The general rule that a "[c]ommission of a tortious act within this state includes extraterritorial acts of negligence producing actionable consequences in Missouri" is limited by the due process concept of "minimum contacts" as articulated by the Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), and its progeny. *See also*

*World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The courts interpreting Missouri's long-arm statute have held that jurisdiction accrues against a non-resident defendant under the long-arm statute "only if some portion of its 'minimum contacts' with, or activities within, Missouri gives rise to the [asserted] action," *see, e.g., Wooldridge v. Beech Aircraft Corp.,* 479 F.Supp. 1041, 1054–55 (W.D.Mo.1979), or if the extra-territorial act or acts were deliberately or purposefully designed to move into the forum state, *see, e.g., Pfeiffer v. International Academy of Biomagnetic Med., et al.,* 521 F.Supp. 1331, 1336 (W.D.Mo.1981), or intended to have an effect in the forum state, *see Ryan,* 728 S.W.2d at 602–03. Defendants' conduct in this case does not meet the above requirements.

Accordingly, the Court concludes that it does not have in personam jurisdiction over these defendants.[3]

### III.

Plaintiff asks that, if the Court finds it does not have personal jurisdiction over the defendants, it transfer the case to the Louisville Division of the United States District Court for the Western District of Kentucky, pursuant to 28 U.S.C.A. § 1404(a) or 28 U.S.C.A. § 1406(a).

#### A. SECTION 1404(a) TRANSFER

■ Section 1404(a) of Title 28, United States Code, states:

(a) For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C.A. § 1404(a). Plaintiff urges that such transfer may be properly ordered whether or not the transferor court has personal jurisdiction over a particular defendant or defendants. The Court agrees with this general proposition. "[T]he fact that this Court may not have acquired personal jurisdiction over the defendants does not deprive it of the power to order a Section 1404(a) transfer." *Empire Gas Corp. v. True Value Gas of Florida, Inc.,* 702 F.Supp. 783, 785 (W.D.Mo.1989).

■ There are, however, other considerations that come to bear. This Court reads section 1404(a) to allow transfer, even though it may lack jurisdiction over the person of the defendants, but only if it has subject matter jurisdiction and proper venue. *See id.* at 785 n. 4 (citing *McKee v. Anderson,* 272 F.Supp. 684, 686 (W.D.Mo.1967) (Becker, C.J.); 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE and PROCEDURE (hereinafter WRIGHT, MILLER & COOPER) § 3844 at 333 (2d ed. 1986); J.W. MOORE, 1 MOORE'S FEDERAL PRACTICE, ¶ 0.145 [6.–2] at 1641–42); *see also* 15 WRIGHT, MILLER & COOPER, *supra,* § 3827 at 264–65. In this case, subject matter jurisdiction is not questioned. Defendants do, however, contend that venue is not proper. Accordingly, before the Court may grant a transfer under 28 U.S.C.A. § 1404(a), it must determine that venue has been properly laid in the district in which the suit has been brought.

■ All three defendants have challenged the appropriateness of venue in this matter.[4] Once an objection has been raised as to venue, the burden is on the plaintiff to establish that the district chosen is a proper

---

3. As additional grounds for dismissal, the respective defendants raise the issues of minimum contacts and due process, and forum non conveniens. In light of the Court's conclusion that personal jurisdiction is lacking, it need not further explore or comment on these issues. Defendants also challenge the propriety of venue in this district. The issue of venue is dealt with in section III., *infra.*

4. Plaintiff argues, with regard to defendant Rowe, that Rowe waived any challenge he may have had to venue because he failed to respond to plaintiff's complaint in a timely fashion. Re-

view of the record admits that plaintiff agreed, orally and in writing, to an extension of time until May 10, 1993, for defendant Rowe to respond. Defendant Rowe did, in fact, respond by way of his Motion to Dismiss on April 19, 1993, well within the time granted by plaintiff. Of course, plaintiff may not have the authority to grant such extension, absent approval of the Court. In light of his agreeing to such an extension, however, he is, in this Court's view, estopped at this point from challenging defendant Rowe's response as untimely.

venue. *Pfeiffer*, 521 F.Supp. at 1336 (citing, *inter alia*, 5 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE and PROCEDURE § 1352 (1969)). The venue statute, Section 1391 of Title 28, United States Code, provides, in pertinent part, that:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) *a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced.*

28 U.S.C.A. § 1391(a) (West Supp.1992) (emphasis added). In this case, only number (3) could pertain—"*a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced.*" As the Court's discussion above illustrates, defendants are not subject to personal jurisdiction in this district. Accordingly, venue does not lie in this district. As venue does not lie in this district, section 1404(a) is not the appropriate vehicle for transfer.[5]

### B. SECTION 1406(a) TRANSFER

 Section 1406(a) of Title 28, United States Code, provides that:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district *shall dismiss, or if it be in the interest of justice, transfer*

such case to any district or division in which it could have been brought.

28 U.S.C.A. § 1406(a) (emphasis added). If transfer is appropriate at all in this matter, it would be under this provision. Here the Court is given the option of dismissal or transfer, but should transfer rather than dismiss upon finding that it is in the interest of justice to do so. *Id.* As under section 1404(a) the Court must have jurisdiction over the subject matter but need not have jurisdiction over the person of the defendant. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 82 S.Ct. 913, 915–16, 8 L.Ed.2d 39 (1962). Finally, the Court is limited to transferring the case only to such district or division where it could have originally been brought. 28 U.S.C.A. § 1406(a) ("the district [court] shall dismiss, or ... transfer such case to any district or division in which it could have been brought").

Simply put, in deciding whether or not this matter should be transferred, the Court must determine whether it is in the interest of justice to transfer the matter and whether movant seeks transfer to a district or division where the suit could have been brought originally. The Court will conduct its analysis as to all defendants.

### 1. *Nissan America and Nissan Japan*

 Plaintiff seeks transfer of this matter to the Western District of Kentucky but has failed to demonstrate that this matter could have been brought against defendants Nissan America and Nissan Japan in that district. As noted above, an action may be transferred *only* to a district where it could have been

---

**5.** With regard to defendant Nissan Japan, plaintiff argues that an alien corporation may be sued in any district, notwithstanding any of the federal venue laws, general or specific. Section 1391(d) of Title 28, United States Code, provides that: "An alien may be sued in any district." 28 U.S.C.A. § 1391(d) (1976). Again, plaintiff seeks to over-simplify the rule. Implicit in section 1391(d) and consistent with the cases interpreting it is the understanding that, for purposes of venue, an alien corporation may be sued in any district so long as it is properly amenable to service of process in that district. 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3810 at 94 (2d ed. 1986); *see*

*also James Talcott, Inc. v. Allahabad Bank, Ltd.*, 444 F.2d 451 (5th Cir.), *cert. denied sub nom. City Trade & Indus., Ltd. v. Allahabad*, 404 U.S. 940, 92 S.Ct. 280, 30 L.Ed.2d 253 (1971); *Oil & Gas Ventures–First 1958 Fund, Ltd. v. Kung*, 250 F.Supp. 744 (S.D.N.Y.1966). Here, that would mean that Nissan Japan would have to be amenable to service under Missouri's long-arm statute. For purposes of this case, service on Nissan Japan is authorized under Missouri's long-arm statute only if it had committed a tortious act within this state, which, as illustrated in the Court's discussion above, it has not. Accordingly, plaintiff's contention that 28 U.S.C. § 1391(d) establishes venue in this district must fail.

brought initially. 28 U.S.C.A. § 1406(a). As such, the "party seeking transfer bears the burden of establishing personal jurisdiction over the defendants in the transferee forum." *Volkswagen De Mexico, S.A. v. Germanischer Lloyd,* 768 F.Supp. 1023, 1029 (S.D.N.Y. 1991).

In this matter, personal jurisdiction of the Kentucky courts would obtain, if at all, under Kentucky's long-arm statute. KY.REV. STAT.ANN. § 454.210 (Michie/Bobbs–Merrill 1992). Kentucky's long-arm statute provides that: a court may exercise personal jurisdiction over a defendant that, among other things, causes tortious injury in Kentucky by an act or omission outside Kentucky if such defendant "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in [Kentucky]." KY.REV.STAT. ANN. § 454.210(2)(a)4. Similar to Missouri, however, such exercise of personal jurisdiction is limited by the proviso that the tortious injury occurring in Kentucky must arise out of the specified conduct. *Id.* In construing Kentucky's long-arm statute, the Sixth Circuit articulated a three part test: (1) the defendant must purposefully avail itself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action must arise from the defendant's activities in the forum state; and (3) the acts of the defendant or the consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Southern Machine Co. v. Mohasco Industries, Inc.,* 401 F.2d 374, 381 (6th Cir.1968); *see also First Nat'l Bank of Louisville v. J.W. Brewer Tire Co.,* 680 F.2d 1123, 1125–26 (6th Cir.1982). Subsequently, the Kentucky courts have adopted the same three-pronged analysis in testing personal jurisdiction under the long-arm statute. *See e.g. Pierce v. Serafin,* 787 S.W.2d 705, 706 (Ky.Ct.App.1990).

As to defendants Nissan America and Nissan Japan, plaintiff has failed to allege facts from which the Court could conclude that the complained of injury arose from any actions of the defendant in the forum state or that the acts of the defendant or the consequences caused by the defendant have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. Accordingly, plaintiff has failed to demonstrate that the transferee forum could exercise personal jurisdiction over defendants Nissan America and Nissan Japan.[6] As such, defendants' motions to dismiss Nissan America and Nissan Japan from this action are granted and plaintiff's motion to transfer is denied.

### 2. *Defendant Teddy Rowe*

■ Defendant Teddy Rowe is a natural person over eighteen (18) years of age who is a resident of Radcliff, Kentucky. In light of the Court's dismissal of defendants Nissan America and Nissan Japan from this matter, defendant Rowe is the only remaining defendant. As previously noted the venue statute, 28 U.S.C.A. § 1391, provides, among other things, that a civil action based on diversity may be brought in a jurisdiction where any defendant resides so long as all defendants reside in the same state or in a judicial district in which the defendant or defendants are subject to personal jurisdiction. 28 U.S.C.A. § 1391(a). In the present posture, transfer of this case to the Western District of Kentucky would meet either of these conditions as to the remaining defendant Teddy Rowe.

■ Having determined that plaintiff has requested a transfer to a judicial district or division in which this action could have been brought, the Court must now examine whether it is in the interest of justice to grant such a transfer. Here it is urged that plaintiff may face a statute of limitations problem if this matter is dismissed rather than transferred.[7] The argument that transfer, rather

---

6. Having determined that plaintiff has failed to establish that he seeks transfer to a district where this action could have been brought, the Court need not examine whether it would be in the interest of justice to make such a transfer.

7. As transfer of this matter would be under 28 U.S.C.A. § 1406(a), the law of the transferee forum applies. *See, e.g., Martin v. Stokes,* 623 F.2d 469, 472 (6th Cir.1980). As such, the Court assumes the transferee court would apply the

than dismissal, is in the interest of justice is especially compelling in cases which, if dismissed, might be time barred because the statute of limitations has run. 15 WRIGHT, MILLER & COOPER, *supra*, § 3827 at 268–69; *see also Bolar v. Frank*, 938 F.2d 377, 380 (2d Cir.1991). Accordingly, plaintiff's motion to transfer is granted and defendant Rowe's motion to dismiss is denied.

### CONCLUSION

In light of the above discussion, it is hereby

**ORDERED** that defendants Nissan Japan's and Nissan America's motions to dismiss this action against them for lack of personal jurisdiction are **SUSTAINED and GRANTED** and plaintiff's alternative motion for transfer of this matter, as it relates to defendants Nissan Japan and Nissan America, is **OVERRULED and DENIED**. It is further

**ORDERED** that defendant Teddy Rowe's motion to dismiss this action against him is **OVERRULED and DENIED** and plaintiff's motion for transfer of this matter, as it relates to defendant Teddy Rowe, is **SUSTAINED and GRANTED**. Accordingly, it is hereby

**ORDERED** that this cause of action, as it relates to defendant Teddy Rowe, is transferred to the United States District Court for the Western District of Kentucky.

Consistent with the practice in the Eighth Circuit, the Order transferring this action is **STAYED** to allow an opportunity for re-

course to the court of appeals. *In re Nine Mile Ltd.*, 673 F.2d 242, 243 (8th Cir.1982). The Order of transfer shall be effective thirty (30) days from the date of this Order if relief is not sought in the court of appeals prior to that time.

**IT IS SO ORDERED.**

---

relevant Kentucky limitations statutes. As the Court apprehends Kentucky law, this matter may well be time barred in the transferee forum. *See* KY.REV.STAT.ANN. § 413.140(1) (Michie/Bobbs–Merrill 1992) (one year statute of limitations for personal injury actions). Section 413.140(1) provides, in pertinent part, that: "The following actions shall be commenced within one (1) year after the cause of action accrued ... (a) an action for injury to the person of the plaintiff...." *Id.* In *Martin v. Stokes, supra*, the Sixth Circuit decided a case in which the plaintiff brought a personal injury diversity action in Virginia, the state of her residence, against an owner and driver of a vehicle involved in an accident injuring her. Ultimately the matter was transferred to the Western District of Kentucky. *Id.* After the transfer, the district court dismissed the action determining that it was barred by Ken-

tucky's one year statute of limitations. *Id.* On appeal the Sixth Circuit announced the rule that the state law of the transferee court is applicable if the action is transferred pursuant to § 1406(a) and remanded to the district court to determine whether the matter had been transferred under § 1404(a) or § 1406(a). *Id.; see also T–Birds, Inc. v. Thoroughbred Helicopter Service, Inc.*, 540 F.Supp. 548, 550 (E.D.Ky.1982) (district court following *Martin v. Stokes, supra*, held that one year statute applied in personal injury case arising out of helicopter crash that was transferred pursuant to § 1406(a); *but see Kilfoile v. Sherman*, 535 S.W.2d 69 (Ky.Ct.App.1975) (running of Kentucky statute of limitations tolled by Soldiers' and Sailors' Civil Relief Act since plaintiff was member of armed forces at time of accident and at time of filing complaint).