# United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 06-1564

_____

Primus Corporation,

               Appellant,

v.

Centreformat Limited,

               Appellee.

\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the Western
District of Missouri.

[UNPUBLISHED]

_____

Submitted: February 2, 2007
Filed: February 15, 2007

_____

Before WOLLMAN, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Primus Corporation appeals the district court's[1] judgment granting Centreformat Limited's motion to dismiss for lack of personal jurisdiction. After careful review, we affirm.

Primus Corporation, a Missouri-based company, filed suit in the Western District of Missouri alleging various breaches of a distribution agreement between

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

Primus and Centreformat Limited, a company located in the United Kingdom. Centreformat has no representatives in Missouri, owns no real estate there, and is not licensed to do business within the United States. Centreformat moved for dismissal based on the court's lack of personal jurisdiction over it. The district court granted the motion, and Primus appeals.

We review *de novo* a dismissal for lack of personal jurisdiction. Anderson v. Dassault Aviation, 361 F.3d 449, 451 (8th Cir.), cert. denied, 543 U.S. 1015 (2004). A federal court may exercise personal jurisdiction over a nonresident defendant only if doing so is consistent with both the forum state's long-arm statute and the requirements of the Due Process Clause. Romak USA, Inc. v. Rich, 384 F.3d 979, 984 (8th Cir. 2004).

We agree with the district court that Primus has failed to make a sufficient showing regarding the Due Process Clause requirement of substantial contacts. In order to satisfy due process, the defendant must have sufficient minimum contacts with the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." CPC-Rexcell, Inc. v. La Corona Foods, Inc., 912 F.2d 241, 243 (8th Cir. 1990) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) and quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). The minimum contacts between the defendant and the forum state "must be based upon 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Ferrell v. West Bend Mut. Ins. Co., 393 F.3d 786, 790 (8th Cir. 2005) (quoting Burger King Corp., 471 U.S. at 475). In general, it is easier to establish due process "over a nonresident seller shipping goods into the forum state in contrast to a nonresident buyer." Fairbanks Morse Pump Corp. v. ABBA Parts, Inc., 862 F.2d 717, 719 (8th Cir. 1988) (internal citations omitted). When evaluating minimum contacts, we consider five factors: "(1) the nature and quality of [Centreformat's] contacts with [Missouri]; (2) the quantity of such contacts; (3) the

relation of the cause of action to the contacts; (4) the interest of [Missouri] in providing a forum for its residents; and (5)[the] convenience of the parties." Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1073-74 (8th Cir. 2004) (last alteration in original), cert. denied, 543 U.S. 1147 (2005).

After reviewing the record, we agree with the district court's determination that Centreformat lacked sufficient minimum contacts with the state of Missouri to support personal jurisdiction. See Scullin Steel Co. v. Nat'l Ry. Utilization Corp., 676 F.2d 309, 313 (8th Cir. 1982) (holding that phone and facsimile communications to the forum, purchase orders and payments sent to the forum, a choice of law clause within the contract regarding the forum state, and delivery of the product within the forum state were not enough to satisfy minimum contacts). While a choice of law clause in a contract can be considered as part of a due process analysis, the one in question here does not constitute a waiver of Centreformat's due process rights. See Digi-Tel Holdings, Inc. v. Proteq Telecomm. (PTE), Ltd., 89 F.3d 519, 523 (8th Cir. 1996) (noting that a choice of law provision may be considered when determining if jurisdiction is proper, but it is not enough alone to confer jurisdiction upon a party); Medicine Shoppe Int'l, Inc. v. J-Pral Corp., 662 S.W.2d 263, 274-75 (Mo. Ct. App. 1983) (stating that the language in the choice of law provision was "not sufficiently definite nor so unequivocal on the question of submission to the jurisdiction of Missouri courts, to constitute an effective waiver of . . . due process"). The record reflects that the quantity and quality of Centreformat's contacts with the state are minimal, consisting primarily of written and telephonic communications. See Porter v. Berall, 293 F.3d 1073, 1076 (8th Cir. 2002) ("Contact by phone or mail is insufficient to justify exercise of personal jurisdiction under the due process clause."). Centreformat has no agents or property in the state, nor is it licensed to do business within the forum. Further, the contract was not finalized there, nor did Centreformat travel to Missouri for negotiations. The three visits by Centreformat employees to Missouri for training are attenuated contacts with the forum, and the claims in the complaint do not arise out of these contacts. See Romak USA, 384 F.3d at 984 ("The

cause of action must arise out of or relate to a defendant's activities within a state.") (internal citations and marks omitted); <u>Pecoraro v. Sky Ranch For Boys, Inc.</u>, 340 F.3d 558, 561 (8th Cir. 2003) ("Jurisdiction is appropriate only where a defendant has sufficient 'minimum contacts' with the forum state that are more than random, fortuitous, or attenuated, such that summoning the defendant would not offend traditional notions of fair play and substantial justice.").

The record before us is insufficient to show a substantial relationship between Centreformat and the state of Missouri that would not offend the traditional notions of fair play and justice inherent in due process. <u>See</u> <u>Asahi Metal Indus. Co. v. Super. Ct. of Calif.</u>, 480 U.S. 102, 115 (1987) ("Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field.") (internal marks omitted).

Accordingly, we affirm the judgment of the district court.

_____