Norma **GARDNER** and Hobart E. **Gardner, Plaintiffs,**

v.

**BRANIFF INTERNATIONAL, Defendant.**

**Civ. A. No. 13567.**

United States District Court,
D. Connecticut.

April 24, 1970.

William F. Gallagher, New Haven, Conn., for plaintiffs.

Arthur H. Latimer, of Tyler, Cooper, Grant, Bowerman & Keefe, New Haven, Conn., for defendant.

TIMBERS, Chief Judge.

In this diversity negligence action originally brought in the Superior Court for New Haven County and thence removed by defendant to this Court, defendant having moved pursuant to Rule 12(b)(2) and (5), Fed.R.Civ.P., to dismiss the action for lack of jurisdiction over the person of defendant or to quash the return of service of process; and

The Court having taken the motion on submission on April 6, 1970, and having received and considered the motion to dismiss, briefs from both sides, affidavits and other documentary material, and all papers filed herein; and

The Court being of the opinion that defendant's motion to dismiss the action for lack of jurisdiction over the person of defendant should be granted for the reasons that:

(1) Plaintiffs are Connecticut citizens;

(2) Defendant is a Nevada corporation with its principal place of business in Texas;

(3) Plaintiff Norma Gardner claims to have been injured on December 20, 1968 at Dulles International Airport in Virginia while said plaintiff, a passenger on one of defendant's planes en route from New York City to Dallas, Texas, fell at the foot of a metal stairway leading from the plane to the ground while the plane was parked for a stopover on the runway at Dulles International Airport;

(4) Defendant airline does not serve any airports in Connecticut; it does not own or maintain any office or other facilities in Connecticut; it has no employees or sales representatives in Connecticut; and plaintiffs do not claim that their asserted jurisdiction over defendant is based on any of the conventional indicia of defendant's doing or transacting business in Connecticut;

(5) The sole basis for plaintiffs' assertion of jurisdiction over defendant is that defendant, through a contract with the New York Telephone Company, subscribes to an interstate "Enterprise" telephone listing service which lists defendant in various Southern New England Telephone Company directories in Connecticut to provide toll-free calls to New York; and that one of plaintiffs used one of defendant's "Enterprise" numbers listed in a Connecticut directory to place the reservation for the flight during the course of which the other plaintiff was injured;

(6) Such slender contact with Connecticut through "Enterprise" telephone listings does not constitute the transaction or solicitation of business in Connecticut required for the assertion of personal jurisdiction over a non-resident defendant through the provisions of the Connecticut long arm statute invoked by plaintiff, Conn. Gen.Stat. §§ 33–411(b) or 33–411 (c)(2). See Electric Regulator

Corp. v. Sterling Extruder Corp., 280 F.Supp. 550, 554–55 (D.Conn. 1968); Southern New England Distributing Corp. v. Berkeley Finance Corp., 30 F.R.D. 43 (D. Conn. 1962); Eljam Mason Supply, Inc. v. Donnelly Brick Co., 152 Conn. 483, 485–86, 208 A.2d 544 (1965); Walter v. Hotel Brunswick, 3 Conn. Cir. 398, 405, 216 A.2d 212 (1965);

(7) Plaintiffs' cause of action for personal injuries arose in Virginia; it did not arise out of the preliminary commercial transaction of placing a flight reservation by telephone from Connecticut by use of defendant's "Enterprise" listing in a Connecticut directory (assuming arguendo that this constituted "business solicited in this state"). Gelfand v. Tanner Motor Tours, Ltd., 339 F.2d 317, 321–22 (2 Cir. 1964); Walter v. Hotel Brunswick, supra, at 405;

(8) In any event, clearly there is an insufficient showing of those minimum contacts by defendant with Connecticut necessary for a constitutional assertion of personal jurisdiction; in short, there is lacking the essential minimal showing of "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958); see United States v. Montreal Trust Company, 358 F.2d 239, 257 (2 Cir.), cert. denied, 384 U.S. 982 (1966) (concurring—dissenting opinion); it is therefore

ORDERED as follows:

(1) Defendant's motion to dismiss the action for lack of jurisdiction over the person of defendant is granted.

(2) Plaintiffs' alternative request that the Court entertain proceedings leading to a possible motion for change of venue to the Eastern District of New York pursuant to 28 U.S.C. § 1406(a) is denied as wholly beyond the competence of this Court which lacks jurisdiction.