**AIR KAMAN, INCORPORATED**

v.

**PENN–AIRE AVIATION, INC.**

Civ. No. H 81–254.

United States District Court, D. Connecticut.

Sept. 17, 1981.

---

Francis J. Brady, Lissa J. Paris, Murtha, Cullina, Richter & Pinney, Hartford, Conn., for plaintiff.

Robert K. Ciulla, Alan J. Roth, Tyler, Cooper, Grant, Bowerman & Keefe, New Haven, Conn., for defendant.

### RULING ON DEFENDANT'S MOTION TO DISMISS

JOSÉ A. CABRANES, District Judge:

In this action, a Connecticut corporation alleges the breach of a lease agreement, and invokes the diversity jurisdiction of this court. The defendant, a Pennsylvania corporation, has moved to dismiss the complaint, arguing that the court lacks personal jurisdiction over it.

■ On issues of this sort, the structure of the court's inquiry is clear. A federal district court sitting in diversity must look to state law to determine if there is jurisdiction over a foreign corporation. This requires a two-tiered consideration of, first, whether the appropriate state statute reaches the foreign corporation, and, second, whether any such statutory reach exceeds the minimum contacts test required by constitutional due process. *See McFaddin v. National Executive Search, Inc.*, 354 F.Supp. 1166, 1168 (D.Conn.1973) (Newman, J.).

The court has carefully reviewed the materials submitted by counsel, including both sets of memoranda, the related affidavits, the cited authorities, and the arguments of counsel at hearings held on August 3, 1981 and September 11, 1981. On the basis of that review, the court concludes that the appropriate state statute, Connecticut General Statutes ("C.G.S.") § 33–411(c)(2), does not reach the defendant in this case. Accordingly, on September 11, 1981, the court orally granted the motion of defendant to dismiss the complaint for lack of personal jurisdiction, pursuant to Rule 12(b)(2), Fed. R.Civ.P. This version of the court's ruling is issued to supplement the oral ruling of September 11, 1981.

In asserting that the relevant state jurisdictional statute reaches this defendant,

**4**

plaintiff relies "strictly" on C.G.S. § 33–411(c)(2). As plaintiff's counsel put it at oral argument on August 3, 1981, and as he effectively repeated on September 11, 1981, "We do not request the court to go beyond [C.G.S. § 33–411](c)(2)." *See* Certified Transcript of Proceedings of August 3, 1981 ("Tr.") at 34 (filed August 5, 1981).

C.G.S. § 33–411(c)(2) subjects a foreign corporation to suit in the state of Connecticut on any cause of action "arising . . . out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state[.]"

Defendant is in the business of leasing aircraft. It regularly advertises that business in the eastern edition of the *Wall Street Journal*, which is circulated in Connecticut. *See* Affidavit of Kellie L. Rowland at ¶ 2 (sworn to July 29, 1981). Assuming *arguendo* that such advertising practices of defendant constitute a repeated solicitation of business in Connecticut, the question for the court is whether the cause of action asserted by the plaintiff arises out of any business so solicited, within the meaning of § 33–411(c)(2).

■ Plaintiff indisputably bears the burden of proving the facts necessary to establish the personal jurisdiction of the court. *See, e. g., Charles H. McDonough Sons, Inc. v. Edward B. Fitzpatrick Jr. Construction Corp.*, Civil No. H 79–203, slip op. at 7 n.6, 6 Conn. Law Trib. No. 8, at 9 n.6 (D.Conn. 1980) (Blumenfeld, J.), *citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Plaintiff and defendant agreed to lease an aircraft. However, the affidavits which the parties presented to the court in connection with this motion indicate that the cause of action resulting from defendant's alleged breach of that lease did not arise from any solicitation by defendant in Connecticut. Indeed, plaintiff presented no evidence that any of its officers or employees even saw the defendant's advertisements in a newspaper circulating in Connecticut, let alone that the lease in question

here resulted, in any way, from defendant's advertising. *See* Tr. 37, lines 5–10.

■ For a foreign corporation to be subject to personal jurisdiction pursuant to C.G.S. § 33–411(c)(2), it is not enough that the cause of action arise from business which that foreign corporation happens to solicit in Connecticut. The cause of action and the solicitation must be connected; indeed, the cause of action must "arise" from the particular solicitation of business in Connecticut. This solicitation provides the jurisdictional nexus between the foreign corporation and this state. Thus in *Gardner v. Braniff International*, 312 F.Supp. 844 (D.Conn.1970), plaintiff had reserved an airline ticket by using a toll-free telephone number which defendant had published in Connecticut. While in the course of using that ticket, she was injured in a fall from the exit ramp of defendant's airplane at an airport in Virginia. Assuming *arguendo* that the publication in Connecticut of the defendant's telephone number constituted the solicitation of business in Connecticut, Judge Timbers, then Chief Judge of this District, held that plaintiff's cause of action, which was clearly connected to defendant's business as an airline, nevertheless arose out of plaintiff's personal injuries in Virginia, and not out of the preliminary commercial transaction that arguably constituted the solicitation. *Gardner v. Braniff International, supra*, 312 F.Supp. at 846. On that basis, Judge Timbers granted defendant's motion to dismiss the complaint for lack of personal jurisdiction.

In the present case, the parties were put in contact by an Illinois aircraft consultant; the lease was executed in Pennsylvania; and plaintiff was apparently unaware of defendant's Connecticut advertising. *See* Tr. 37; *see also* Plaintiff's Supplemental Memorandum, "Principal Facts" 2, 6, at pages 1–2 (filed Aug. 14, 1981). In these circumstances, the court concludes that plaintiff's cause of action did not arise from any business solicited in Connecticut, as those terms are used in C.G.S. § 33–411(c)(2).

C.G.S. § 33–411(c)(2) subjects foreign corporations to suit for causes of action arising from business solicited in Connecticut if such solicitation has been repeated, and in the language of the statute, "whether the orders or offers relating thereto were accepted within or without the state." By referring specifically to offers and orders related to the solicitation, the statute clearly contemplates that foreign corporations will be subjected to the jurisdiction of this state's courts only for those causes of action which result from such solicitation.

*McFaddin v. National Executive Search, Inc., supra,* on which plaintiff relies, is not to the contrary. There, defendant, a franchisor, had advertised in Connecticut. Plaintiff responded to one of those advertisements, and subsequently entered into a franchise agreement with defendant. In the present case, by contrast, there is no suggestion that plaintiff even knew of defendant's solicitation in Connecticut.

In *McFaddin*, plaintiff claimed damages in tort and in contract apparently alleging that the language of the franchise agreement contained misrepresentations. The precise issue before Judge Newman was whether plaintiff's causes of action fell within the scope of C.G.S. § 33–411(c)(2). It is clear that, but for the solicitation performed in Connecticut by defendant franchisor and plaintiff's response to it, there would never have been a franchise agreement between those parties, and thus no claim of any sort. Thus McFaddin's claims clearly arose out of the business solicited by defendant, and, as Judge Newman held, those claims were within the scope of C.G.S. § 33–411(c)(2).

Where a plaintiff is not even aware of defendant's solicitation and enters a contract with defendant through other means, as in the present case, plaintiff's cause of action cannot be said to have arisen from the business solicited in Connecticut by defendant, and thus there can be no personal jurisdiction over defendant pursuant to C.G.S. § 33–411(c)(2). Because the court concludes that the relevant state jurisdictional statute does not reach this defendant, it need not reach the question of whether defendant's contacts with this state exceeded the minimum required by constitutional due process.

At oral argument, plaintiff relied "strictly" on C.G.S. § 33–411(c)(2) to support its argument that the court possesses personal jurisdiction over defendant. *See* Tr. 34. In its Memorandum in Opposition to Defendant's Motion to Dismiss at 8–9 (filed July 29, 1981), however, plaintiff proposes an alternative basis for personal jurisdiction. There, plaintiff notes that, in the lease, the parties agreed to apply Connecticut law in resolving any dispute arising from the lease. Plaintiff argues that, by accepting such a choice-of-law provision, defendant implicitly consented to the personal jurisdiction of a court sitting in Connecticut. The proposition that a choice of law constitutes a choice of forum is unsound as a matter of logic; understandably, it finds no support in applicable law. Although defendant agreed to the application of Connecticut law, it nowhere agreed to the application of that law in a Connecticut court. Courts frequently apply the law of foreign jurisdictions, sometimes as a result of precisely the sort of choice-of-law provision contained in the lease at issue here. A choice-of-law provision in a lease or other contract does not necessarily imply that either party to the agreement has consented to the personal jurisdiction of a particular court. *See Bank of Montreal v. Kough,* 430 F.Supp. 1243, 1246–47 (N.D.Cal.1977) (Renfrew, J.), *aff'd,* 612 F.2d 467 (9th Cir. 1980). In these circumstances, the court cannot conclude that defendant has submitted, either explicitly or implicitly, to the personal jurisdiction of a Connecticut court.

Plaintiff having asserted no persuasive basis for exercising personal jurisdiction over this defendant, the motion to dismiss the complaint must be granted.

It is so ordered.