**Christopher MILLER, Plaintiff,**

v.

**MEADOWLANDS CAR IMPORTS, INC., Lamborghini USA, Inc., and Chrysler Corporation, Defendants.**

Civ. No. 5–92–CV–157 (WWE).

United States District Court, D. Connecticut.

March 30, 1993.

Mark Stern, Stern & Miller, Stamford, CT, for plaintiff.

Stephen J. Conover, Slavitt, Connery & Vardamis, Norwalk, CT, Alan S. Pickel, Laurence B. Liebowitz, Cooper, Liebowitz, Royster & Wright, Stamford, CT, for defendants.

### RULING ON MOTIONS TO DISMISS OR TRANSFER

EGINTON, Senior District Judge.

Defendants have filed motions to dismiss or in the alternate to transfer. For the

following reasons, the motions to transfer will be granted.

## FACTS

On or about November 14, 1989, Ray's Auto Sales, a New Jersey car dealership, entered into an agreement to purchase a 1990 Lamborghini Diablo from Meadowlands. Ray's Auto Sales paid a $50,000 deposit consisting of two $25,000 checks, one from Mark Bahna on behalf of Ray's Auto Sales, and the other from Andrea Sulchusea drawn on an account at the Norwalk (Connecticut) Savings Society. Plaintiff claims that Ray's Auto Sales was acting on his behalf at the time.

On December 21, 1989, Ray's Auto Sales entered into another agreement for the purchase of a second 1990 Lamborghini Diablo. Ray's Auto Sales paid a $50,000 deposit. One $25,000 check was from a Connecticut resident, Christopher Whitney, and the other check was from Mark Bahna of Ray's Auto Sales. Again, plaintiff claims that Ray's Auto Sales was acting on his behalf.

Meadowlands did not furnish the two Lamborghinis and has refused after many requests to return the deposits.

On or about September 19, 1991, Ray's Auto Sales owner Ray Kutcher, on behalf of Ray's Auto Sales, assigned all contract rights to plaintiff. On March 17, 1992, Miller filed his complaint. He asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

The complaint contains five counts. Count I alleges breach of the two contracts. Count II alleges fraud in the inducement of the contracts. Count III demands the return of the $100,000 deposits with interest. Count IV alleges violations of the New Jersey Unfair Trade Practices Act. Count V alleges violations of the Connecticut Unfair Trade Practices Act. For relief, Miller seeks $100,000 in actual damages, $300,000 in treble damages, $1,000,000 in punitive damages, and attorney's fees and costs.

Defendant Meadowlands, a New Jersey corporation, moves to dismiss for lack of personal jurisdiction or for improper venue. It claims that: (1) plaintiff failed to set forth any allegations under the Connecticut Long Arm Statute, Conn.Gen.Stat. § 33–411(b) and (c); (2) Meadowlands does not conduct any activities within Connecticut which would make it amenable to suit there under the Long Arm Statute; and (3) Meadowlands has had no contacts with Connecticut nor has it purposefully directed any activities at Connecticut residents. In the alternative, Meadowlands moves to transfer this case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

The other two defendants, Chrysler and Lamborghini, support Meadowlands' motion. In addition, they move for summary judgment based upon lack of privity of contract between plaintiff and Chrysler and Lamborghini.

The court will address the venue question first.

## DISCUSSION

Plaintiff claims that this action was properly brought in the District of Connecticut pursuant to 28 U.S.C. § 1392(a) because he is a citizen of Connecticut.

Meadowlands is a New Jersey corporation with its principal place of business in New Jersey. Lamborghini is a Delaware corporation with its principal place of business in Florida. Chrysler is a Michigan corporation with its principal place of business in Michigan. Plaintiff is a citizen of Connecticut.

### A. *Venue Pursuant to 28 U.S.C. § 1391(a)*

Proper venue is laid in:

(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced.

28 U.S.C. § 1391(a).

1. Section 1391(a)(1):

Section 1391(a)(1) provides that venue is proper "in a judicial district where any de-

fendant resides, if all defendants reside in the same state." Here, Meadowlands is a resident of New Jersey, Lamborghini is a resident of Delaware and Florida, and Chrysler is a resident of Michigan. Since all defendants do not reside in the same state, venue is not proper in Connecticut pursuant to 28 U.S.C. § 1391(a)(1)[1].

**2. Section 1391(a)(2):**

■ Section 1391(a)(2) provides that venue is proper in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the property that is the subject of the action is situated." A substantial contacts test must be applied. This test requires plaintiff to show that a substantial part of the events giving rise to the claim occurred in the district. *United States v. Douglas,* 626 F.Supp. 621 (E.D.Va.1985). Section 1391(a) does not require finding venue proper in only a single district. *Sidco Industries, Inc. v. Wimar Tahoe Corp.,* 768 F.Supp. 1343 (D.C.Or.1991). "A court has general jurisdiction over causes of action unrelated to defendant's forum-related activities only if the non-resident's contacts with the forum are 'substantial' or 'continuous and systematic'". *Sidco Industries, Inc.,* 768 F.Supp. at 1347 (quoting *Data Disc, Inc. v. Systems Technology Assocs.,* 557 F.2d 1280, 1287 (9th Cir. 1977).

■ Venue pursuant to § 1391(a)(2) is not proper in Connecticut as to any of the defendants, because a substantial part of the activities did not take place in the District of Connecticut. The contracts were entered into in the State of New Jersey between two New Jersey corporations. The complaint is silent as to where the contracts were negotiated, but it is likely that most if not all of the negotiations took place in New Jersey. The only Connecticut activities connected to the contracts are the assignment nearly two years later to plaintiff, a Connecticut resi-

dent, and the two $25,000 deposit checks drawn from Connecticut banks. The court finds that these activities do not constitute a substantial part of the events giving rise to the claims. Plaintiff has failed to show that a substantial part of the events giving rise to the claim occurred in this district. Therefore, venue is not proper in Connecticut pursuant to 28 U.S.C. § 1391(a)(2).

**3. Section 1391(a)(3):**

■ Section 1391(a)(3) provides that jurisdiction is proper in "a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced." In a diversity action, a federal district court looks to state law to determine whether there is personal jurisdiction over a foreign corporation. This requires a two step examination. First, it must be determined the appropriate state statute reaches the foreign corporation. Second, it must be determined whether the Long Arm Statute exceeds the minimum contacts test required by Constitutional Due Process. *Air Kaman, Inc. v. Penn–Aire Aviation, Inc.,* 542 F.Supp. 2, 3 (D.Conn.1981); *Fuehrer v. Owens–Corning Fiberglas Corp.,* 673 F.Supp. 1150, 1153 (D.Conn.1986).

■ In a motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of proving facts that establish personal jurisdiction. *Air Kaman,* 542 F.Supp. at 4. If the court chooses not to have an evidentiary hearing on the motion to dismiss, the plaintiff need only make a prima facie showing of jurisdiction through its own affidavits and supporting materials. *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir.1981).

■ Meadowlands is not authorized to do business as a foreign corporation in Connecticut. Therefore, § 52–59b of the Connecticut Long Arm Statute applies. It provides, in pertinent part, that:

> ... a court may exercise personal jurisdiction over a non resident individual, foreign

---

[1]. The statute was amended effective December 1, 1990 to eliminate the option plaintiffs had in diversity cases to lay venue in the district of their own residence. *See* commentary on 1990 amendments to 28 U.S.C. § 1391, 1992 supple-

ment at 3. The instant action commenced in 1992. Thus, plaintiff's residence has no relevance in determining venue under 28 U.S.C. § 1391(a).

partnership, or his or its executor or administer, who in person or though an agent (1) transacts any business within the state; or (2) commits a tortious at within the state ... (3) commits a tortious act within the state causing injury to a person or property within the state ... if he (a) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the state, or (b) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from the interstate or international commerce.

Section 52–59b(a)(1) is satisfied as to Meadowlands. Viewing the complaint in the light most favorable to the plaintiff, it is possible that Meadowlands transacted business in Connecticut. Meadowlands placed advertisements in the New York Times, which is sold in Connecticut, and in Autoweek, a national magazine. Plaintiff alleges that Meadowlands' salespersons contacted him at his home regarding to the contracts and the delivery date. Plaintiff, through his own affidavits and supporting materials, has made a prima facie showing of jurisdiction pursuant to the Long Arm Statute. Thus, the first prong of the personal jurisdiction requirement is met.

■ Due process requires that in order to subject a foreign corporation to a judgment in personam, they must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The defendant must "purposely avail itself of the privileges of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

■ Foreseeability that the product will enter the forum state is not enough to establish in personal jurisdiction. It is critical to the due process analysis that the defendant's conduct and connection with the forum are such that they could reasonably anticipate being haled into court there. *World–Wide Volkswagon Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The court looks to the "quality and nature" of the defendant's conduct and connection with the forum state. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985).

■ Here, Meadowlands did not have minimum contacts with Connecticut. Its advertisements in national magazines and the general section of the New York Times are not enough to hale it into court in Connecticut. The activities of Meadowlands relevant to the issue of jurisdiction have been conducted on a nationwide basis, and none have been solely aimed at Connecticut. *See Sidco Industries, Inc. v. Wimar Tahoe Corp.,* 768 F.Supp. 1343, 1348 (D.C.Or.1991). Meadowlands did not have an office in Connecticut, nor did it have salesmen with Connecticut as their exclusive territory. Salesmen from Meadowlands may have contacted Miller, but these contacts concerned the contract and the delivery times and were not sales pitch calls. To allow Meadowlands to be haled into court would "offend notions of fair play and substantial justice." *International Shoe,* 326 U.S. 310, 66 S.Ct. 154.

Although plaintiff has made a prima facie showing of personal jurisdiction as to Meadowlands, he did not meet the "minimum contacts" test required by constitutional due process. Accordingly, venue is not proper pursuant to 28 U.S.C. § 1391(a)(3) because Meadowlands was not subject to personal jurisdiction at the time the action was commenced.

As to Chrysler and Lamborghini, neither jurisdictional prong is satisfied. Plaintiff has not presented enough evidence to show that the Connecticut Long Arm Statute and due process requirements are satisfied concerning the remaining defendants. There is no evidence of Connecticut contacts. The complaint merely alleges that Meadowlands is an authorized agent and distributor of Lamborghini automobiles, and that Lamborghini and Chrysler have a sister corporate relationship by written contract.

Accordingly, plaintiff has failed to support his venue claim pursuant to 28 U.S.C. § 1391(a).

### B. Venue pursuant to 28 U.S.C. § 1404(a)

 Defendants argue that the action should be transferred to New Jersey pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The factors to be considered on a transfer motion under 28 U.S.C. § 1404(a) are: (1) plaintiff's choice of forum; (2) where the operative facts occurred; (3) the convenience of the parties; (4) the convenience of material witnesses; (5) the availability of process to compel the appearance of unwilling witnesses; and (6) other considerations affecting the interests of justice. *Executone Information Systems, Inc. v. BDO Seidman,* 1993 WL 37111, *2, 1993 U.S. Dist. LEXIS 1338, at *4 (S.D.N.Y. Feb. 9, 1993); *Gibbs & Hill, Int'l, Inc. v. Harbert Int'l, Inc.,* 745 F.Supp. 993, 997 (S.D.N.Y. 1990). For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought.

In *Henn Assocs., Ltd. v. Schiavone Constr. Co.,* 401 F.Supp. 494 (E.D.N.Y.1975), the court transferred a breach of contract case from New York to New Jersey because, although the case involved diverse parties, it was more proper to transfer to the district of New Jersey because the contract was signed in New Jersey, all questions of law were to be determined be the laws of New Jersey, and an overwhelming number of witnesses were not located in New York.

In the case at bar, New Jersey is where the operative facts occurred, where most of the parties and material witnesses are found, and where the interests of justice can best be served. The contracts were negotiated and signed in New Jersey, and questions of law concerning the rights and obligations of parties and assignee are governed by New Jersey law because the contracts were executed in New Jersey. Accordingly, this action should be transferred to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

### CONCLUSION

For the reasons stated above, the motions to transfer (# 4, # 15) to the District of New Jersey are GRANTED. In light of the transfer, the court defers to the transferee court consideration of the motions to dismiss (# 4, # 15).