James A. JARRETT, Plaintiff,

v.

The STATE OF NORTH CAROLINA, et al., Defendants.

Civ. A. No. 4:94–1400–22.

United States District Court, D. South Carolina, Florence Division.

Nov. 15, 1994.

Glenn V. Ohanesian, Myrtle Beach, SC, for plaintiff.

Wm. Reynolds Williams, Florence, SC, Gary S. Parsons and Kenyann G. Brown, Raleigh, NC, for defendants.

## ORDER

CURRIE, District Judge.

This is a civil rights action, brought pursuant to 42 U.S.C. § 1983, against the State of North Carolina, the North Carolina Licensing Board for General Contractors, its members and officers, both individually and officially, and the Governor of North Carolina, James B. Hunt. Jurisdiction is alleged to be based on federal question under 28 U.S.C. § 1331, and diversity jurisdiction under 28 U.S.C. § 1332. The matter is before the court on the Motion to Dismiss by Defendants North Carolina Licensing Board for General Contractors, Selph, Howard, Armstrong, Flood, Harvell, Kuske, Lopp, McClatchey and Thomasson (hereinafter collectively "the Board Defendants"). Defendants State of North Carolina and the Governor, individually and in his official capacity, (hereinafter "the State Defendants"), have joined the Motion to Dismiss of the Board Defendants.

The matter was before the court for oral argument on September 1, 1994. The court has reviewed the complete record and studied the briefs and the applicable law. For the reasons given below, the court grants the Defendants' Motion to Dismiss.

## BACKGROUND

Plaintiff, a former North Carolina resident now domiciled in South Carolina, was licensed in North Carolina as a Limited Building Contractor by the North Carolina Licensing Board for General Contractors in 1982. In October 1993, a South Carolina attorney who represented a client being sued by Plaintiff requested that the Defendant Board provide him with the contents of Plaintiff's licensing file. The documents maintained by the Board were sent to the attorney.[1]

---

1. Defendants assert that the disclosure was authorized pursuant to the North Carolina Public Records Act, N.C.Gen.Stat. § 132–1, *et seq.*

Plaintiff commenced this action on May 20, 1994,[2] pursuant to 42 U.S.C. § 1983, seeking compensatory damages, punitive damages, and an injunction, arising out of Defendants' allegedly unlawful disclosure of Plaintiff's file maintained by the Board. The Complaint alleges that the disclosure of the information contained in the file constituted an invasion of Plaintiff's constitutional right to privacy and a violation of equal protection and due process. Plaintiff also asserts pendent state law claims for negligence and breach of fiduciary duty. No defendants have answered, but all have joined in the Motion to Dismiss.

The North Carolina Licensing Board for General Contractors is created by North Carolina statute, N.C.Gen.Stat. § 87–2 (1993), and consists of nine members appointed by the Governor for staggered five-year terms. The Board is responsible for the licensing of general contractors within the State of North Carolina, as well as the regulation of its licensees' professional conduct through disciplinary hearings. Its operations are subject to the oversight of the North Carolina State Auditor. All individual defendants, with the exception of the Governor, were members of the Board in October 1993. Each of these defendants is sued in his or her individual and official capacity.

## ANALYSIS

The Motion to Dismiss raises numerous grounds for dismissal including, among others, Eleventh Amendment immunity, lack of standing, failure to state a claim pursuant to Rule 12(b)(6), Fed.R.Civ.P., lack of subject matter jurisdiction over the state law claims, pursuant to Rule 12(b)(1), Fed.R.Civ.P., lack of personal jurisdiction, pursuant to Rule 12(b)(2), Fed.R.Civ.P., and improper venue, pursuant to Rule 12(b)(3), Fed.R.Civ.P. Because the court finds the threshold issues of personal jurisdiction and venue lacking in the instant case, the court need not reach the merits of the other challenges.[3] Accordingly, the discussion below focuses on Defendants'

arguments regarding personal jurisdiction and venue.

### A. PERSONAL JURISDICTION

The motion to dismiss for lack of personal jurisdiction presents a question for the court to resolve. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989). Where the court rules on this issue based on the pleadings alone, the burden is on the plaintiff to make a *prima facie* showing of jurisdiction. *Id.*

Plaintiff has alleged that all Defendants "are considered citizens domiciled in the State of North Carolina." The Plaintiff has not, however, put forward any other facts to show that Defendants are subject to personal jurisdiction in South Carolina.

In deciding the issue of personal jurisdiction, this court applies a two-step analysis. First, the court determines if the South Carolina long arm statute, S.C.Code Ann. § 36–2–803, potentially confers in personam jurisdiction over the Defendants. Second, the court must decide if Defendants' conduct satisfies the minimum contacts requirement of the Due Process Clause so that exercise of jurisdiction would not offend traditional notions of fair play and substantial justice, *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The South Carolina long arm statute has been construed "to extend to the limits of due process." *Southern Plastics Co. v. Southern Commerce Bank*, —— S.C. ——, 423 S.E.2d 128 (1992).

Plaintiff asserts that this court has personal jurisdiction over Defendants under S.C.Code Ann. § 36–2–803(1)(a) and (c) because Defendants "transacted business in the state and committed a tortious act in whole or in part in this state," (Pltf's Memo in Opposition, at 13), as a result of the mailing of Plaintiff's file to the South Carolina attorney. The court rejects Plaintiff's argument, and finds that this isolated fact, in itself, is insufficient to confer personal jurisdiction

---

**2.** Plaintiff filed an Amended Complaint on September 23, 1994.

**3.** The other arguments are, however, considered insofar as they bear on whether transfer of this case, on venue grounds, is in the interests of justice, 28 U.S.C. § 1406(a), as discussed below.

over Defendants under either the long arm statute or the Due Process Clause.

In interpreting South Carolina's long arm statute, the Supreme Court of South Carolina has held that an out-of-state bank's single act of issuing a letter of credit to a South Carolina beneficiary was insufficient to establish the state's personal jurisdiction over the bank. *Southern Plastics Co. v. Southern Commerce Bank,* — S.C. —, 423 S.E.2d 128 (1992). The court noted that the bank's "nexus with South Carolina was extremely limited," and that the bank could not have anticipated being haled into court there. Thus, the court concluded an exercise of jurisdiction was unreasonable based on the single act alleged because it could subject the bank to suit in a multitude of states.

*Southern Plastics* is controlling of the instant matter. The court cannot, consistent with Due Process, find exercise of personal jurisdiction over Defendants permissible based solely on one isolated contact in which Defendants deposited a file into the U.S. Mails addressed to South Carolina. The actual wrong of which Plaintiff complains, the allegedly wrongful release of documents, was actually committed in North Carolina. Although it may have had some impact in South Carolina, the court finds this limited connection with South Carolina insufficient. Plaintiff has not produced evidence of any other contacts of Defendants with South Carolina. Thus, the court finds that Plaintiff has failed to establish a *prima facie* showing of jurisdiction. Moreover, there is no evidence that the Defendants have purposefully availed themselves of the privilege of conducting activities within South Carolina such that they could have anticipated being sued here. Accordingly, the court is constrained to find an absence of personal jurisdiction over Defendants. The Motion to Dismiss on that basis is granted.

## B. VENUE

Title 28, United States Code, Section 1391(b) provides, in part, that:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

■ Because in this case all Defendants are North Carolina residents, venue is proper in this court only if "a substantial part of the events or omissions giving rise to [Plaintiff's] claim occurred" here. Plaintiff contends that venue is proper because the gravamen of his complaint, the disclosure of private materials to the South Carolina attorney, occurred here.

■ In a case with multiple claims and multiple defendants, the plaintiff has the burden of establishing that venue is proper as to each claim and as to each defendant. *Magic Toyota, Inc. v. Southeast Toyota Distributors, Inc.,* 784 F.Supp. 306 (D.S.C.1992). Title 28, United States Code, Section 1391(b) was revised, effective December 1, 1990, pursuant to the Judicial Improvements Act of 1990, Pub.L. No. 101–650, Sec. 311 of Title III. The improvements were designed to avoid some of the difficulties inhering in the prior "weight of the contacts" test used for venue. *See Sidco Indus., Inc. v. Wimar Tahoe Corp.,* 768 F.Supp. 1343, 1346 (D.Or. 1991). Under the current test, the court should look only to where a substantial part of the events and omissions giving rise to the claim occurred, *Magic Toyota,* 784 F.Supp. at 317.

In attempting to isolate the situs of the events giving rise to this claim, the court has examined the Amended Complaint. Paragraph 4 alleges,

On or about October 4, 1993, defendants, directly or by and through its/their agents, did disclose, without subpoena or even written request, in the State of South Carolina (causing injury in South Carolina) private and personal information about [Plaintiff] by releasing [Plaintiff's] entire file with the North Carolina Licensing Board for General Contractors ...

No other contacts with South Carolina are contained in the Amended Complaint, nor were any asserted by Plaintiff's counsel at oral argument. The court finds, once again, that this isolated contact is insufficient to establish proper venue in this court.

The 1990 amendments to 28 U.S.C. § 1391 were enacted to clarify the test for venue, *Database America, Inc. v. Bellsouth Advertising & Publishing Corp.*, 825 F.Supp. 1216 (D.N.J.1993), and to tie-in the test for venue with the standard for establishing personal jurisdiction in a given forum, *id.* (citing H.R. No. 101–734, 101st Cong., 2d Sess. 23 (1990), *reprinted in* 1990 U.S.C.C.A.N. at 6869).

In *Database America*, the plaintiffs brought a declaratory judgment action in New Jersey against a Georgia defendant that had issued a "cease and desist" letter. The plaintiffs asserted New Jersey venue based on the receipt of the letter in that state. The court rejected such ground, finding that such fact did not, by itself, establish substantial activities in the state. *Id.* at 1226.

The court finds the reasoning of *Database America* persuasive. The mere receipt in South Carolina of information sent by Defendants from North Carolina cannot establish either personal jurisdiction over Defendants, as stated above, or proper venue in this court. The subject file was maintained and updated in North Carolina, its disclosure was governed by North Carolina law, the decision to send a copy of it to the South Carolina attorney was made in North Carolina by North Carolina agents of an arm of North Carolina state government. The substantial part of the events or omissions giving rise to Plaintiff's claim occurred in North Carolina, and thus, the Motion to Dismiss on those grounds is also proper.

■ Having decided that venue is improper in this case, the court must next consider whether dismissal of this case or transfer of the action should be ordered. 28 U.S.C. § 1406(a) states that "[t]he district court of a

district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Although Defendants maintain this action should be dismissed outright, Plaintiff contends the action should be transferred to the appropriate district in North Carolina.

■ The decision to transfer a case or dismiss it is committed to the sound discretion of the district court. *United States v. Espinoza*, 641 F.2d 153, 162 (4th Cir.1981). The district court may be reversed only if it has abused its discretion. *United States v. Heaps*, 1994 WL 591920 (4th Cir.1994).

In *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195 (4th Cir.1993), the Fourth Circuit found no abuse of discretion in a district judge's decision to dismiss, as opposed to transfer, a case. The district court denied the plaintiffs' request to transfer the case based on the court's conclusion that the absence of jurisdiction over the plaintiffs' actions was reasonably foreseeable to the plaintiffs' attorney when he filed the action. The court in *Nichols* noted that five other circuit courts of appeal had ruled that it is not an abuse of discretion to deny a request to transfer based on the grounds of attorney error. As the court stated,

> These decisions are premised on the notion that a district court acts within its discretion when it finds that the interest of justice is not served by allowing a plaintiff whose attorney committed an obvious error in filing the plaintiff's action in the wrong court, and thereby imposed substantial unnecessary costs on both the defendants and the judicial system, simply to transfer his/her action to the proper court, with no cost to him/herself or his/her attorney.

*Nichols*, 991 F.2d at 1201 (citations omitted).[4] Thus, *Nichols* established that in this circuit

---

4. *Nichols* quoted Judge Posner with approval, as follows:

> The proper penalty for obvious mistakes that impose costs on opposing parties and on the judicial system is a heavy one ... If the results in the present case seem harsh, that is because

> the costs [to the plaintiff] are palpable where the benefits are largely invisible. But the benefits are not trivial; litigants and the public will benefit substantially in the long run from better compliance with the rules limiting personal jurisdiction.

160

a district court does not abuse its discretion, when it denies, as not in the interest of justice, a plaintiff's request to transfer a case from an improper forum because the plaintiff's attorney could reasonably have foreseen that the venue in which he filed was improper, 991 F.2d at 1201.

Although in the present case the court has based dismissal on the absence of personal jurisdiction and venue, the court is also persuaded that numerous other defects attach to Plaintiff's Amended Complaint. Most notably, the Eleventh Amendment immunity defense, and the defense of an absence of subject matter jurisdiction over the state law claims, appear well founded. Those problems, in conjunction with the personal jurisdiction and venue problems, convince this court that counsel could have reasonably foreseen that this case was not properly filed in South Carolina. Accordingly, the court does not find that transfer of this case to a district in North Carolina would be in the interest of justice.

## CONCLUSION

The court having found an absence of personal jurisdiction over any Defendants and a lack of venue in this court, IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is granted. The Clerk of Court shall dismiss this action in its entirety.

IT IS SO ORDERED.

*Cote v. Wadel,* 796 F.2d 981, 985 (7th Cir.1986).