**AMERICAN HOMECARE FEDERATION, INC. d.b.a AHF, Plaintiff,**

v.

**PARAGON SCIENTIFIC CORPORATION d.b.a. Paragon Specialty Health Care and Mark A. Kyle, Defendants.**

**No. 3:98–CV–893(WWE).**

United States District Court, D. Connecticut.

Oct. 26, 1998.

---

Barry L. Kelmachter, Bachman & Lapointe, New Haven, CT, Donald S. Holland, Holland & Bonzagni, Longmeadow, MA, for Plaintiff.

Charles L. Howard, Stephanie Marmelstein Gitlin, Shipman & Goodwin, Hartford, CT, Geoffrey D. Weisbart, Cindy Olson Bourland, Hance, Scarborough, Woodward & Weisbart, Austin, TX, for Defendants.

### RULING ON MOTION TO DISMISS OR TRANSFER VENUE

EGINTON, Senior District Judge.

### INTRODUCTION

Defendants Paragon Scientific Corporation, ("PSC"), and Mark A. Kyle, ("Kyle" or, collectively, "defendants") have moved to dismiss this action for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), lack of proper venue, Federal Rule of Civil Procedure 12(b)(3), or, in the alternative, to transfer this action to the United States District Court for the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1404(a).

### STATEMENT OF RELEVANT FACTS

The Court summarizes only those facts believed necessary to an understanding of the issues in, and decision rendered on, this Motion.

PSC is a Texas Corporation with its principal place of business in Austin, Texas. American is a Massachusetts corporation, doing business in Connecticut. Both are pharmaceutical providers that provide, *inter alios*, anti hemophiliac factor, a generic type of blood product certain people with hemophilia must receive. In the relevant market this generic blood product is known as "AHF". Plaintiff asserts that it is the owner of the word-type service mark "AHF", which is the same acronym of the blood product.

PSC maintains a program to underwrite sending children with hemophilia to a specially designed summer camp. Contributions made to this program allow children with hemophilia to attend a camp setting that is prepared to handle these children's special needs. The program is named "A Happy Face" (also "AHF") and is depicted with a smiley face. This acronym is at the heart of this litigation, plaintiff asserting that the use of "AHF" in conjunction with the "A Happy Face" summer program constitutes federal trademark infringement, as well as violation of Connecticut law.

Plaintiff asserts that defendants' improper actions have occurred, in part, in Connecticut. It is alleged that defendants have solicited business in Connecticut, using the

"AHF" acronym without permission, in that they have broadcast the AHF mark on their Website (on the Internet); with a displayed "800" number that Connecticut customers could call. According to plaintiff, this is sufficient to confer personal jurisdiction as to PSC and Kyle and, subsequently, to a finding that venue in this district is appropriate.

Defendants maintain that the jurisdictional requirements of the Connecticut Long–Arm Statute have not been satisfied, and even if they have been, the constitutional requirements for personal jurisdiction have not been met as to either defendant.

## LEGAL ANALYSIS

### I. The Standards of Review

### A. Federal Rule of Civil Procedure 12(b)(2)

■ On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of showing that the court has jurisdiction over a defendant. *Metropolitan Life Insurance Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 566 (2d Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 508, 136 L.Ed.2d 398 (1997). Prior to discovery, a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction. *Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir.), *cert. denied*, 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990). Plaintiff's proof is satisfied by a prima facie showing. *Ball*, 902 F.2d at 197. *See also Ensign–Bickford Co. v. ICI Explosives USA, Inc.*, 817 F.Supp. 1018, 1026 (D.Conn.1993). The prima facie case may be made through the use of its own affidavits and supporting materials. *Miller v. Meadowlands Car Imports, Inc.*, 822 F.Supp. 61, 64 (D.Conn.1993). The use of affidavits and supporting materials from a defendant is likewise proper under this Rule.

### B. Federal Rule Of Civil Procedure 12(b)(3)

28 U.S.C. § 1391 provides for venue in the federal courts. Section (b) of that statute, as applicable to this case, provides:

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

■ Where venue is challenged by a defendant, the plaintiff bears the burden of proving that venue is in the forum state. *Saferstein v. Paul, Mardinly, Durham, James, Flandreau & Rodger, P.C.*, 927 F.Supp. 731 (S.D.N.Y.1996), *aff'd* 127 F.3d 1096 (1997) (case transferred to New Jersey). Further, in a case with multiple claims and multiple defendants, the plaintiff has the burden of establishing that venue is proper as to each claim and each defendant. *Jarrett v. State of North Carolina*, 868 F.Supp. 155 (D.S.C.1994).

### C. The Connecticut Long–Arm Statute

■ In diversity or federal question cases the Court must look first to the long-arm statute of the forum state, in this instance Connecticut. *Bensusan Restaurant Corp. v. King*, 126 F.3d 25, 27 (2d Cir.1997). Only if the exercise of jurisdiction comports with the dictates of the long-arm statute, does the Court need to turn to the constitutional ramifications of jurisdiction. *Bensusan*, 126 F.3d at 27; *Metropolitan*, 84 F.3d at 567.

Connecticut utilizes a familiar two-step analysis to determine if a court has personal jurisdiction. First, the court must determine if the state's long-arm statute reaches the foreign corporation. Second, if the statute does reach the corporation, then the court must decide whether that exercise of jurisdiction offends due process.

*Bensmiller v. E.I. Dupont de Nemours & Co.*, 47 F.3d 79, 81 (2d Cir.1995) *citing Greene v. Sha–Na–Na*, 637 F.Supp. 591, 595

(D.Conn.1986).[1] *See also Frazer v. McGowan,* 198 Conn. 243, 246, 502 A.2d 905 (1986) (trial court need not make constitutional inquiry if it finds that long-arm statute does not reach defendant corporation).

The section of the long-arm statute upon which Plaintiff relies provides:

> Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: ... (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state....

Conn.Gen.Stat. § 33–411(c)(2).

The term "transacting business" is not broadly interpreted in Connecticut. *Chemical Trading v. Manufacture de Produits,* 870 F.Supp. 21, 23 (D.Conn.1994); *Hagar v. Zaidman,* 797 F.Supp. 132, 135–36 (D.Conn. 1992).

As to Defendant Kyle, Plaintiff relies on Conn.Gen.Stat. § 52–59b(a)(3), which provides for jurisdiction over nonresidents. The pertinent section states:

> (a) as to a cause of action ... a court may exercise personal jurisdiction over any nonresident individual ... who ... (3) commits a tortious act outside the state causing injury to person or property within the state ... if he (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce....

## II. The Standards As Applied

### A. Jurisdiction and PSC

The Internet has opened worlds to millions of people and the fields for multi-faceted information and education thereon are enormous. This being a relatively new technology, its effect on the law is also in its infant stages. The Internet has been described as the world's largest network of computers linked together to share electronic files. *Bensusan,* 937 F.Supp. at 295, 297 n. 1, *citing MTV Networks v. Curry,* 867 F.Supp. 202 (S.D.N.Y.1994). A "site" is an Internet address which permits users to exchange digital information with a particular host. *Bensusan,* 937 F.Supp. at 297 n. 1.

 Websites have been defined as either "passive" or "interactive", or a combination of the two. *Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F.Supp. 1119, 1123–24 (W.D.Pa.1997). Distinctions between these two categories have been held to often be determinative of the existence or non-existence of personal jurisdiction. At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files, such system is interactive and personal jurisdiction is proper. *See, e.g., CompuServe, Inc. v. Patterson,* 89 F.3d 1257 (6th Cir.1996). At the opposite end are situations where a defendant has simply posted information on an Internet Website accessible to users in foreign jurisdictions. This category, a passive Website, which does little more than make information available to those who are interested in it, is not grounds for personal jurisdiction. *See e.g., Bensusan,* 937 F.Supp. at 297 (no personal jurisdiction under New York long-arm statute as to passive Website). The middle ground is occupied by interactive Websites where a user can exchange information that occurs on the

---

**1.** Conn.Gen.Stat. Sec. 33–929 became effective January 1, 1997. At that same time, Connecticut's former long-arm statute governing service of process on foreign corporations, Conn.Gen. Stat. Sec. 33–411, was repealed. As the relevant language of these two statutes is identical, the Court will rely on case law interpreting former

Conn.Gen.Stat. Sec. 33–411(c) and, as the parties have done, will cite to that statute in order that there be no confusion. *Accord General Star Indemnity Co. v. Anheuser–Busch Companies, Inc.,* 1998 WL 774234, * ——, no. 2, Docket No. 3:97–CV–2542(EBB) at 7, n. 2. (August 24, 1998)

Website. *See e.g., Mieczkowski v. Masco Corp.*, 997 F.Supp. 782 (E.D.Tx.1998) (jurisdiction upheld); *Maritz, Inc. v. Cybergold, Inc.*, 947 F.Supp. 1328 (E.D.Mo.1996) (same).

▪ After a thorough review of the moving papers and affidavits supporting each party's contentions, the Court holds that the "A Happy Face" is simply a passive Website. The Website does not list the PSC products which are sold nor does it provide any process for ordering such products. No sales of pharmaceuticals occur through the Website and an individual accessing the site cannot order any PSC products. It does not provide anyone with files to download, nor does it link to anyone else's Website. The simple announcement to all hemophilia chapters in the United States, including the Connecticut chapter, of an essay writing contest for children afflicted with hemophilia, to be submitted to PSC in Texas, is not the "repeated solicitation of business", as required by the section of the long-arm statute relied upon by Plaintiff. In any event, no essays were received from Connecticut and no inquiries regarding the contest were received from this State.

▪ Defendants' affidavits aver that PSC has no contacts which would bring them within the "repeated solicitation" prong of the long-arm statute. In the operation of their business, they have not gone to or conducted any trade shows in Connecticut. PSC has no Connecticut customers, nor has PSC come to Connecticut to tout its wares. The company has put one advertisement in a national trade catalogue, which could be read in Connecticut, and they have addressed the essay writing contest to the Connecticut Hemophilia Chapter, as well as every other Chapter in the country. These two de minimis acts are insufficient to bring this action within the strictures of subsection (2) of the long-arm statute. *Accord E–Data Corp. v. Micropatent Corp.*, 989 F.Supp. 173 (D.Conn. 1997) (finding no jurisdiction over a passive Website under long-arm statute, hence no constitutional analysis required).

### B. *Jurisdiction and Kyle*

▪ Kyle is similarly situated to PSC and the Court finds that it does not have jurisdiction over him. If PSC does not transact business in Connecticut, its president does not either. Nor does the court find any tort committed by him, but even if it did, jurisdiction would still be unavailing, as he does not solicit business here, does not derive substantial revenues from goods used or consumed in this state nor should he reasonably expect any action taken by him in Texas to have consequences in Connecticut. Conn.Gen. Stat. § 52–59b(a). Finally, the Website at issue is PSC's and Kyle does not maintain his own.

### C. *Venue*

Plaintiff has failed to meet its burden of proving that venue in Connecticut is legally permissible. Since the Court has found no personal jurisdiction in this district, venue is similarly not proper in Connecticut as to either defendant.

### D. *Transfer to Texas*

▪ This Court does not have the power to transfer this case to the Texas court under 28 U.S.C. § 1404(a). Although "[t]he fact that this Court may not have acquired personal jurisdiction over the defendants does not deprive it of the power to order a Section 1404(a) transfer", *Empire Gas Corp. v. True Value Gas of Florida, Inc.*, 702 F.Supp. 783, 785 (W.D.Mo.1989), other considerations which come into play herein deprive the Court of such power.

▪ A court may transfer a case pursuant to Section 1404(a) only if it has subject matter jurisdiction and **proper** venue. *Naegler v. Nissan Motor Co., Ltd.*, 835 F.Supp. 1152, 1156 (W.D.Mo.1993). *Accord* 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3384 at 333 (2d ed.1986); J.W.Moore, 1 *Moore's Federal Practice* ¶ 0.145[6.2] at 1641–42.

Since the Court has held that defendants are not subject to personal jurisdiction in this district, venue does not lie here. As venue does not lie here in this district, a section 1404(a) transfer is not possible.

The appropriate vehicle for transferring a case when there is no proper venue in the transferor court is 28 U.S.C. § 1406, which states, in pertinent part:

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could be brought.

28 U.S.C. § 1406(a).

This Court has recognized six factors in determining whether a transfer would be in the interest of justice. Specifically, the factors used by this Court were

1. Plaintiff's choice of forum;

2. Where the operative facts occurred;

3. The convenience of the parties;

4. The convenience of material witnesses;

5. The availability of process to compel the appearance of unwilling witnesses; and

6. Other considerations affecting the interests of justice.

*Miller v. Meadowlands Car Imports, Inc.,* 822 F.Supp. 61, 66. (D.Conn.1993).[2]

An application of these factors must result in a denial of the alternative motion to transfer. Factor one is of de minimis significance. As to factor two, the operative facts occurred in Texas, with the posting of the "A Happy Face" contest on a Texas-based Website. The third and fourth factors are neutral in this case, in that either party will be inconvenienced by having to litigate in a distant forum. Factor five favors non-transfer, but would have affected defendants had this Court determined it had jurisdiction and proper venue herein. There are no other considerations affecting the interests of justice herein.

### CONCLUSION

Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P 12(b)(2) and 12(b)(3) [Doc. No. 12] is hereby GRANTED. The alternative portion of the motion, seeking transfer pursuant to 28 U.S.C. § 1404(a) is DENIED.

The Clerk is directed to close this file.

SO ORDERED

---

**2.** Although *Miller* involved transfer under Section 1404(a), the analysis the interests of justice is identical under Section 1406.